## GEORGE T. HODGES *v.* THE RUTLAND AND BURLINGTON RAILROAD COMPANY.

*Compensation for services as a director. Authority of president of a corporation. Unauthorized understanding. Bill of particulars.*

The services of the plaintiff, who was one of the directors of the defendants' company and a member of the executive committee of that board, *held* to be such services as could be performed only by a director, and that the compensation to be allowed for them was therefore regulated by the vote (*q. v.*) prescribing the pay of the directors.

Where a board of directors have by resolution established the compensation to be paid to them for their services, the president cannot, without the concurrence of the other members of the board, bind the corporation to pay to any one of them a larger sum.

A person, not otherwise entitled to a particular compensation for certain services performed by him, is not so entitled because he understood from a conversation

with the other party that he was to be so allowed, when there was nothing in the conversation which justified him in making such an inference.

The particularity or minuteness required in a specification of claims under the general counts is a matter of practice and discretion in the court, and not a ground of error.

BOOK ACCOUNT. The disputed items in the plaintiff's account were as follows :

" To services as director and executive committee, four
     years, ten months, nineteen days,. . . . . . . . . . . . . .$4,896.00
" To two and one-half per cent. commission on sale of
     bonds to the amount of twenty thousand dollars,. .   500.00 "

In reference to the first of the above items the auditors reported the following facts :

The plaintiff was elected a director at the organization of the company, July 3, 1845, and was annually re-elected, and continued to serve as director until June, 1851. During that time he spent in the service of the company four hundred and one days.

For the convenient dispatch of business, and to enable the president of the company to consult and advise with a less than the whole number of directors, in cases requiring the advice and assistance of the directors in the recess between their sessions, the board of directors, at a regular meeting, passed a resolution appointing the plaintiff, Charles Linsley and William Henry an advisary committee, who, with the president, should constitute the executive committee; and of this committee the plaintiff continued a member as long as he remained in the board. At the same meeting of the directors they passed a resolution, which was never rescinded, revoked or modified, of which the following is a copy :

*Resolved,* That general services rendered by the directors be performed without pay ; for all special services required of any of the directors, which will call them from home, they shall be allowed not exceeding two dollars per day, and expenses, under the direction of the executive committee.

Soon after the raising the executive committee the plaintiff informed the president of the company, Judge Follett, that he

found the duties of said committee quite too burdensome, and required too much of his time, and that he could no longer remain a member of said committee, with the rate of compensation provided by the resolution above referred to. The president desired the plaintiff to remain, and assured him the company would pay a reasonable compensation for the services of the committee, in consideration of which the plaintiff concluded to remain.

There is no proof that either the company or any of the other directors were cognizant of, or ever assented to this assurance given by the president to the plaintiff.

Thirty-eight of the four hundred and one days' services were rendered by the plaintiff at his home; forty-nine and one-half days are properly referable to the duties of said committee, and the remainder of the time to duties as director at large.

The services of the plaintiff as a member of the executive committee, the auditors found, were worth three dollars and fifty cents per day; and they reported that if the plaintiff was entitled to recover a reasonable compensation for all his services, irrespective of the resolution, he was entitled to recover for such services the sum of one thousand four hundred and three dollars and fifty cents; and if he was restricted to the rate prescribed by said resolution for all services as director at large, but not as to services as executive committee; or, if the restriction as to services as member of said committee was removed by the request and assurance of the president, he was entitled to recover the sum of eight hundred and twenty-five dollars and twenty-five cents; and if he was restricted by said resolution for all services, both as director at large and as a member of said committee, and such restriction was not removed by what passed between him and the president, he should recover for his services the sum of seven hundred and twenty-five dollars only.

As to the other disputed item in the plaintiff's account, the auditors found the following facts: The plaintiff sold twenty thousand dollars of the defendants' bonds, which were issued for the purpose of raising funds to enable the defendants to finish and equip their railroad. The board of directors considered it a part of their duty as directors, and took it upon them to provide for the sale and disposition of said bonds, and they severally took of said

bonds and negotiated them as they had opportunity and accounted for the avails to the treasury department. But at a meeting of the directors held before the plaintiff sold any of said bonds, the question of commission on the sale of bonds was talked up, and the plaintiff understood from said talk that the directors were to charge two and one-half per cent. commission for the sale of said bonds; but it did not appear that the other directors so understood it.

The auditors found that for the time and expenses of the plaintiff in negotiating said bonds he had charged in his account, and they reported that if he was entitled to recover a commission for the sale of said bonds, one per cent. was a reasonable commission, which would amount to the sum of two hundred dollars.

Upon this report the county court, March Term, 1856,— PIERPOINT, J., presiding,— rendered judgment for the plaintiff for the amount reported by the auditors in their second alternative, adding thereto two hundred dollars for commission on sale of bonds; to which judgment both parties excepted.

The defendants plead the general counts in assumpsit in offset, and upon being called upon by the plaintiff's attorney they furnished the following specification, viz:

"The defendants claim amount due on the plaintiff's notes to corporation, as follows :

    Note dated July 7, 1847, for.....................$200
    Note dated March 11, 1848, for.................. 250
    Note dated October 4, 1849, for................ 500
  . And interest from date, ......................

"The defendants also claim that there is due from the plaintiff to the defendants, about three thousand dollars for money received by the plaintiff to the defendants' use, and money had and received."

No objection was made by the plaintiff to the allowance of the amount due on the three notes mentioned in the specification. The defendants also claimed to be allowed the amount due on a memorandum check for four hundred and fifty-one dollars and ninety cents given by the plaintiff to the defendants' treasurer in January, 1850, to the allowance of which the plaintiff objected for the

reason, among others, that it was not set forth in the defendants' specification. The defendants' testimony tended to show that the plaintiff had notice that the amount due on said check would be claimed. The county court, September Term, 1856,— PIERPOINT, J., presiding,— allowed to the defendants the amount of the check, to which the plaintiff excepted.

*S. H. Hodges* and *C. L. Williams*, for the plaintiff.

*E. N. Briggs* and *D. A. Smalley*, for the defendants.

The opinion of the court was delivered by

REDFIELD, CH. J. The services of the plaintiff as a member of the executive committee were clearly such, so far as this report shows, as he could only have performed as director. That was, at most, a sub-division or particular department of the office of director, and one which none but a director could have perfomed. It does not appear in this case as it did in that of *Henry* v. *the same defendant*, that this plaintiff acted as construction agent or in any other capacity out of the strict line of his office of director and member of the executive committee, which we regard as of the same character. He was then, upon the very ground of the decision in *Henry* v. *R. & B. R. Company*, entitled only to pay as director under the resolution. This is the view the plaintiff evidently took of the question at the time, for he informed the president of the company that he could not continue to act as member of the executive committee at the compensation fixed by the resolution, and the president assured him he should receive a reasonable compensation. But this he evidently had no power to do without the concurrence of the board of directors and in express contravention of this unrescinded resolution. We think, therefore, that the plaintiff was only entitled to recover in regard to these services the amount stated in the third alternative.

II. The claim for commission for selling the bonds of the company while he was director, we think the plaintiff is not entitled to recover. He supposed from conversation with the directors that it was their understanding that a commission should be allowed to all the directors. But it seems they had no such understanding.

And there is nothing in the case to show that the plaintiff was justified in making any such inference. And, if not, he cannot claim any advantage on the ground of any understanding on his part to which the company gave no countenance. And, aside from any special contract or mutual understanding, the case is the same as the other portion of the claim, the special services of a director, and controlled by the resolution. There is no more ground to *imply* a contract for a commission than to imply a contract for extra compensation in any other part of the case.

And we understand from the report that the plaintiff's time and expenses have been allowed for this very service. The form of expression is "that for the time and expenses of the plaintiff in negotiating said bonds, he has charged in his account," and we see nothing to raise any doubt that this portion of the account has been allowed. If not it should have been, and it was the plaintiff's fault not to urge it in the proper form and have it so presented in the report, that it could be known that it was not allowed. We make no question it was allowed.

III. In regard to the offset it is no doubt true that the specification was probably too general, and if objected to, at the time of filing, on that ground should have been made more specific. But in other respects it covered the claim. There was no variance. The real objection is that it was not, in the technical sense, a sufficiently specific bill of the particulars of the defendants' claim. But this is matter of practice merely and no ground of error. It is matter of discretion, like the rules of practice in the county court, so far as its particularity is concerned, certainly.

Judgment reversed, and judgment for the defendants, allowing the plaintiff the third allowance in the report, and interest from the date of the report.