THE MAUX FERRY GRAVEL ROAD CO. *v*. BRANEGAN.

CORPORATION.—*Promissory Note.*—*Demand.*—Suit on an instrument of writing, as follows:

> "FRANKLIN, IND., December 18th, 1868.
> "$50.     TREASURER OF MAUX FERRY GRAVEL ROAD COM-     $50.
>                                 PANY.
> "Will pay, one year after date, to N. S. Branegan, or bearer, the sum of fifty dollars, with interest from date, at the rate of ten per cent. per annum. By order of the board of directors.
>              [Signed]          JAMES M. ALEXANDER, President.
>    "ISAAC SAWIN, Secretary."

*Held*, that this might be treated as the promissory note of the corporation, and that no demand of payment before suit was necessary.

SAME.—*Directors.*—*Compensation for Services.*—Where the directors of a gravel road company are elected to serve without compensation, they cannot recover compensation for their services.

SAME.—If there is no provision made in the law under which a corporation is organized, or in a by-law of the corporation, or in a contract of the corporation by which compensation is to be made to the directors for services, compensation cannot be recovered; and in the absence of such provision, the making of an allowance by the board of directors to themselves and the issuing of an order or bond, as a compensation for past services, are invalid.

APPEAL from the Johnson Common Pleas.

DOWNEY, J.—Suit by the appellee against the appellant; judgment against the defendant, and appeal by it to this court. Errors are assigned as follows: first, that the complaint does not state facts sufficient to constitute a cause of action; second, sustaining the demurrer of the plaintiff to the second paragraph of the answer; third, sustaining the demurrer to the third paragraph of the answer; and, fourth, overruling the motion for a new trial.

The complaint is on the following writing:

> "FRANKLIN, IND., Dec. 18, 1868.
> "$50     TREASURER OF THE MAUX FERRY     $50
>                     GRAVEL ROAD CO.
> "Will pay, one year after date, to N. S. Branegan, or bearer, the sum of fifty dollars, with interest from date, at the rate of ten per cent. per annum. By order of the board of directors.
>       [Signed]          JAMES M. ALEXANDER, President.
>    "ISAAC SAWIN, Secretary."

It alleges that on the 18th day of December, 1868, the defendant, by her bond of that date, signed by James M. Alexander, president thereof, and attested by Isaac Sawin, the secretary thereof, a copy of which bond is filed herewith, promised to pay to said plaintiff, by the name and style of N. S. Branegan, one year after the date thereof, the sum of fifty dollars, with interest at the rate of ten per cent. per annum; which said bond remains due and wholly unpaid; wherefore the said plaintiff demands judgment against the said defendant for seventy-five dollars, and other proper relief.

According to the case of *The Indiana and Illinois Central Railroad Co.* v. *Davis*, 20 Ind. 6, the instrument on which the complaint is founded may be treated as the promissory note of the company, and no demand of payment before suit was necessary. The complaint is good.

The second paragraph of the answer alleges that the bond is illegal and void, in this, that on the 28th day of December, 1868, and from thence until long after the execution of said bond, James M. Alexander, Peterson K. Parr, Isaac Sawin, William Ditmars, and the plaintiff, were the directors of said company and acting as such, and that at the same time said Alexander was president, Parr treasurer, and Sawin secretary thereof; that on the said 18th day of December, 1868, the said directors, including the plaintiff, held a meeting, and at said meeting adopted a resolution, in the words and figures following:

"Ordered: The officers of the Maux Ferry Gravel Road allow themselves, in bonds, a reasonable compensation for their services: James M. Alexander and P. K. Parr $100 each; N. S. Branegan, William Ditmars, and Isaac Sawin $50 each."

That said bond was issued to the plaintiff for this allowance, being for his services as director, under and in pursuance of this resolution, and without any other authority whatever; wherefore, etc.

The third paragraph is substantially like the second, with

The Maux Ferry Gravel Road Company *v.* Branegan.

the additional allegations, that neither the articles of association nor by-laws of the company provide, nor did the company, by its officers, agents, or otherwise, agree with said directors, or any of them, that any salary, fee, emolument, or compensation of any kind, should be paid them for their services; that the stockholders were not notified of said meeting, nor were the claims of the directors, or either of them, ever submitted to or passed upon by the stockholders; that at the time of said meeting, the company, as said directors well knew, was largely indebted to divers other creditors and stockholders, and that said resolution was adopted by said directors with the fraudulent design of preferring their own claims, and without the knowledge, consent, or approval of said stockholders.

The questions discussed under the second, third, and fourth assignments of error are the same. It is insisted by counsel for the appellant that the directors cannot thus allow themselves for services; that they cannot recover for services as such, in the absence of a provision, allowing them pay, in the articles of association, in the by-laws, in some contract with the stockholders, or some custom or usage allowing them compensation. It is claimed that the office of director is generally regarded as merely honorary; that the directors chosen are usually the chief promoters of the company, and seek the office mainly for the purpose of looking after their own interests; that it is generally understood by them, and by the stockholders who elect them, that they will charge nothing for their services; and that if the contrary is intended, it should be specified in the articles of association, in the by-laws, or in some contract, or be sanctioned by some custom or usage. It is further contended, that if the directors were entitled to a compensation, they could not fix the amount of such compensation and pay the same out of the funds of the company, or issue the obligations of the company to themselves therefor; that they are the trustees of the corporation and its stockholders, and as such should pay as small an amount as they legally can,

while as claimants they are interested in getting as much as they can.

It seems to be settled that when the directors of such a corporation are elected to serve without compensation, they cannot recover a compensation for services. It seems clear, also, that if there is provision made in the law under which the corporation is organized, or in a by-law of the company, or in a contract of the company, by which compensation is to be made for services, it may be claimed and recovered.

In this case, however, there is nothing in the law under which the company is organized, in its by-laws, or in any contract, which settles the question whether the directors are or are not to be paid for their services as such.

Under these circumstances, in our opinion, the directors are not entitled to recover for their services. We think it may fairly be presumed that they undertook to serve gratuitously so far as the duties of directors were concerned.

In *Dunstan* v. *Imperial Gas Light, etc., Co.*, 3 B. & Ad. 125, it was said: "Here is a statute which provides, that certain persons in this corporation shall be directors, and sec. 71 points out some of their duties and powers; and they are duties and powers as unlike those of a servant as they can well be. They are, in fact, those of managers or governors. The act itself says nothing of remuneration; and I cannot see how, in point of law, persons in the situation of these directors could maintain any action for a recompense, at least unless there had been a resolution under seal in the nature of a by-law. Looking at the character of their duties, I am of opinion that these directors, however convenient it might be that some remuneration should be awarded them for their services, were not entitled to it by the resolution given in evidence in this cause."

The resolution referred to was one not under seal, passed at a meeting of the company, which allowed to directors for attendance at courts, committees, etc., one guinea for each time.

In *Loan Association* v. *Stonemetz*, 29 Pa. St. 534, it was

The Maux Ferry Gravel Road Company *v.* Branegan.

held that a director of a corporation elected to serve without compensation could not recover against the company for services rendered in that capacity, or for such as were incidental to his office of director. It was also held that "a resolution passed by the corporation after the services were rendered, that such director be paid a certain sum for services rendered as chairman of a committee, was without consideration, and imposed no obligation on the corporation that could be enforced by action." There was no express regulation or contract that the director was to serve without pay. There was simply no regulation of any kind on the subject. It seems to have been inferred that he was to serve without compensation, because no regulation existed by which he was to be paid. The court in this case uses this strong language: "It would be a sad spectacle to see the managers of any corporation, ecclesiastical or lay, civil or eleemosynary, assembling together and parcelling out among themselves the obligations or other property of the corporation in payment for their past services."

In *Kilpatrick* v. *The Penrose Ferry Bridge Co.*, 49 Pa. St. 118, decided on the authority of the above case, the same doctrine is laid down, and in the course of the opinion, the court uses this language: "Corporate offices are usually filled by the chief promoters of the corporation, whose interest in the stock or in other incidental advantages is supposed to be a motive for executing the duties of the office without compensation, and this presumption prevails until overcome by an express pre-arrangement of salary." It was also said that this rule is just as applicable to presidents and treasurers, or other officers, as to directors.

In *New York and New Haven Railroad Co.* v. *Ketchum*, 27 Conn. 170, it was held that a director of a corporation is not entitled to compensation for services rendered to the corporation, unless the services are most unquestionably beyond the range of his official duties.

We refer to the following additional authorities: *Butts* v. *Wood*, 38 Barb. 181; *Coleman* v. *The Second Avenue Rail-*

road Co., 38 N. Y. 201; Hodges v. *The Rutland and Burlington Railroad Co.*, 29 Vt. 220; *Fraylor v. Sonora Mining Co.*, 17 Cal. 594; Angell & Ames Corp. sec. 317.

The allowance made by the directors in this case was for past services, as appears from the fact that the orders or bonds were issued on the same day on which the allowance was made. The making of the allowance and issuing the order or bond for such past services gave no validity to the claim. If it was without legal and binding force or obligation before its allowance by the directors, and before the issuing of the order therefor, it remained so afterward.

The judgment is reversed, with costs, and the cause remanded, with instructions to overrule the demurrers to the paragraphs of the answer, and for further proceedings.

*D. Howe,* for appellant.

*G. M. Overstreet* and *A. B Hunter,* for appellee.