## JONATHAN H. CHEENEY

*v.*

## THE LAFAYETTE, BLOOMINGTON AND MISSISSIPPI RAILWAY COMPANY.

1. SERVICES—*whether officers of railroad are entitled to compensation for.* To entitle directors, etc., of a railway company to compensation for services, it must be provided for and fixed in the by-laws, or by resolution of the directors spread upon the minutes of their proceedings, and it seems that compensation in one of these modes must be fixed before the services are rendered.

2. TRUSTEES—*no implied promise to pay trustees for services.* At common law, a trustee was not entitled to compensation, and could not recover on a *quantum meruit;* and in this State the president and directors of a railway company are trustees for the stockholders, and for that reason the law does not imply a promise to pay them for discharging the duties imposed upon persons occupying that position.

3. But a person, not a director, and having no control over the funds and property of the corporation, rendering services, does not occupy the position of trustee to the company, and may recover a reasonable compensation for services rendered.

4. RAILROAD DIRECTOR—*right to recover for services not within the duties of his office.* Where a director of a railway company is appointed an agent by a resolution to perform duties not pertaining to his office, such as to solicit subscription of stock, or to procure the right of way, he may recover for such services when rendered by him. But he can not

recover for services performed as a member of the executive committee, nor in making efforts to contract for the construction of the road, including time and travel, as these are a part of his duties as director.

APPEAL from the Circuit Court of Livingston county; the Hon. CHARLES H. WOOD, Judge, presiding.

This was an action of assumpsit, by Jonathan H. Cheeney against the Lafayette, Bloomington and Mississippi Railway Company, to recover for services, as stated in the opinion.

Mr. H. SPENCER, and Mr. O. T. REEVES, for the appellant.

Mr. L. E. PAYSON, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

The Lafayette, Bloomington and Mississippi Railroad Company was organized, and appellant was elected a director. In January, 1870, the company, through its board of directors, created an executive committee, consisting of five persons, who, with the chief engineer, were empowered to make contracts and provide funds for the construction and equipment of the road ; and, in the month of January, 1870, appellant was appointed a member of the executive committee, and continued to act as such until the last of January, 1872. This service is claimed by appellant to have been worth $1000.

He was, also, in September, 1869, appointed as agent of the company to procure the right of way through McLean county, and he rendered services in that capacity for which he claims $600. He was also appointed, in the autumn of 1872, an agent to solicit and procure subscriptions to aid in constructing the road, and he claims he devoted two months of his time to that service, and that it is worth $400; that whilst a member of the executive committee, he made frequent trips to Chicago and Lafayette on the business of the company; that in the spring of 1871, after the road-bed was graded and bridged, he was appointed as a member of a

special committee to go East to make, if possible, a contract for the completion of the road, and he went to Philadelphia and New York, and was absent two weeks, and afterwards conferred with other parties with a view of contracting for the completion of the road, and in doing so went to Chicago, Lafayette, Cleveland and New York, and was absent four weeks.

It appears that the claim for these services was presented to the company and audited by its executive committee on the 13th day of January, 1872, amounting to $4000; that a warrant for that amount was drawn on the treasurer; that the board of directors, at a meeting on the 31st day of January, 1872, appropriated $25,000 to pay this and other claims, but appellant testifies that he has never received any part of his claim, and brought his action of assumpsit to recover for work and labor and for money paid out for the use of the company.

A warrant of attorney was given by the company to confess a judgment, which was entered. But subsequently a motion was made to set aside this judgment, which was done, and the company let in to plead. After filing pleas, the case was submitted to the court for trial, without a jury, by consent of parties. The court found for the defendant, and entered a judgment in bar of the recovery, and for costs, and plaintiff brings the record to this court on appeal.

In adopting the by-laws of the company, no salary or provision for compensation of the officers was made, but it is claimed they all understood and expected that a reasonable compensation would be made for their services rendered in the discharge of their duties.

The doctrine is stated in Redfield on Railways, 406, that, in England, to entitle directors, etc., to receive compensation, it must be provided for and fixed by the by-laws of the organization, and that the doctrine in this country requires such compensation to be thus fixed, or at least by a resolution of the directors spread on the minutes of their proceedings, and

we apprehend that compensation, whether the one mode or the other be adopted, must be fixed before the services are rendered.

In the case of the *Am. Cent. R. R. Co.* v. *Miles*, 52 Ill. 174, it was held that a director could not recover compensation for services unless they were thus fixed by the directors, and the services of the president and other officers of the company fall fully within the principle of the rule. The president and directors of such a company are trustees for the stockholders, and it is for that reason that the law does not imply a promise to pay them for discharging the duties imposed upon persons occupying that relation.

At the common law, a trustee was not entitled to compensation, and could not recover on a *quantum meruit.* And it was in the application of this rule that it was held, in *The Loan Association* v. *Stonemetz*, 39 Pa. 534, that a resolution passed by the corporation after services were rendered, that the officer be paid a sum of money for services as chairman of a committee, was without consideration, and imposed no obligation on the corporation that could be enforced. And the case of *N. Y. and N. H. R. R. Co.* v. *Ketcham*, 27 Conn. 170, illustrates the rule in holding that it does not matter that the services were rendered in the expectation and understanding that the officer should be paid. And in the case of *Butts* v. *Wood,* 37 N. Y. 317, it was held, notwithstanding the bill for services rendered by an officer where no by-law or resolution had fixed his pay, and the bill was allowed by the board, that, "one holding a position of trust can not use it to promote his individual interest in any manner in disposing of the trust property; that the circumstances under which the bill was allowed was a fraud on the shareholders, and to permit such a transaction to stand, would be a reproach to the administration of justice."

In *The N. Y. and N. H. R. R.* v. *Ketcham*, 27 Conn. 175, the court use this language: "It would be a sad spectacle to see the managers of any corporation assembling together and

574          CHEENEY *v.* L. B. & M. R. W. Co.          [Sept. T.

Opinion of the Court.

parceling out among themselves the obligations and other property of the corporation in payment for past services."

In the case of *Dustin* v. *The Imperial Gas Co.* 3 Barn. & Adol. 125, it was held that, whilst agents and employees might, perhaps, recover for services rendered for a corporation. a director could not, unless provision therefor had been made by resolution having the force of a by-law, or by such a by-law. And it was said that such officers differ materially from mere agents and employees; that directors are managers or governors, and not agents.

No person is under the slightest compulsion to accept the position. and if he is unwilling to do so without compensation, public policy requires that his compensation should be fixed and certain before he enters upon the discharge of the duties of his office. This rule must apply to services rendered by persons holding the office of directors, who have the control of the funds of the body. But a person, not a director and having no control over the funds and property of the corporation, rendering services, does not occupy the relation of trustee to the company, and does not fall within the rule, and may recover a reasonable compensation for services rendered. The law has never conferred on trustees the authority to profit by the exercise of the powers and duties of their position.

This, then, disposes of the claim of appellant for services rendered as a director of the company. But the question arises, whether or not he rendered services for the company which do not pertain to his duty as director, and if so, whether he may recover a fair compensation for such service.

It is said by Lord COKE, in his Commentaries on Littleton, 66 b, that "a corporation aggregate of many can not appear in person, for, albeit the bodies natural whereupon the body politic consist may be seen, yet the body politic or the corporation itself can not be seen, nor do any act, but by attorney." And in Angell & Ames on Corp. p. 210, it is said that, " in general, the only mode in which a corporation aggregate

can act or contract, is through the intervention of agents, either specially designated by the act of incorporation or appointed and authorized by the corporation in pursuance of it." And it was held, in *Waller* v. *Bank of Ky.* 3 J. J. Marsh. 206, that the agents of a corporation, like the agents of natural persons, are entitled to recover compensation according to what it is reasonably worth. In that case the law required the body to appoint a clerk, but neither the law nor any by-law or resolution of the board of directors fixed his compensation, and he was permitted to recover in assumpsit. See *Hall* v. *The Vt. and Mass. R. R. Co.* 26 Vt. 401.

If, then, appellant was appointed to act as agent for the performance of duties outside of those devolving on him as director, it is but reasonable and just that he should be allowed to recover a fair compensation for such services. *Shackleford* v. *N. O., J. and G. N. R. R. Co.* 37 Miss. 202.

Because he was a member of the board of directors, it does not follow that he was bound to perform any and all duties usually exercised by agents properly appointed, and when he performed such duties under an appointment by a resolution of the board, he should be allowed compensation therefor. Where an attorney is employed to attend to the general or special affairs of the company, he should be compensated. So of a secretary or clerk, and an agent to solicit subscriptions and to procure the right of way, etc.

It would, then, follow that, as appellant was appointed to solicit subscriptions of stock, and to procure the right of way for the road, he may recover, unless that duty was imposed on him as a director by the charter or the by-laws. In performing those duties, it is more than probable that he acted as an agent, and not as a director, and should be permitted to recover for such extra service, but if this duty was imposed by the charter or the by-laws of the company as a director, then a recovery could not be had therefor. The duties he performed as a member of the executive committee in making efforts to contract for the construction of the road, including

time and travel, were a part of his duty as a director, and, from the authorities above referred to, he has no right to recover for them. Nor is it an answer to say, that the company could have entrusted the duties of the executive committee to others not directors or even stockholders, and paid them a fair compensation for their time and skill. They had the power to so act as directors, and they, as directors, or as a part of them, performed the services.

The judgment of the circuit court must be reversed and the cause remanded.

*Judgment reversed.*