LAFAYETTE, BLOOMINGTON AND MISSISSIPPI RAILWAY CO.

*v.*

JONATHAN H. CHEENEY.

1. CORPORATION—*officer's right to compensation for services.* To entitle directors, etc., of a railway company, to receive compensation for official services, such compensation must be fixed by the by-laws of the organization, or at least by a resolution of the directors spread on the minutes of their proceedings, and this before the services are rendered.

2. But if a director of such a company, under a proper employment by the company, performs services outside of the line of his duty as an officer, and which are usually performed by other agencies, and which are not required of him by the charter or by-laws of the company, such as procuring right of way and soliciting subscriptions, he will be entitled to compensation for such services.

WRIT OF ERROR to the Circuit Court of Woodford county; the Hon. JOHN BURNS, Judge, presiding.

Mr. L. E. Payson, for the plaintiff in error.

Mr. H. Spencer, for the defendant in error.

Mr. Justice Sheldon delivered the opinion of the Court:

This is an appeal from a judgment for $738, rendered by the court below against the defendant, the Lafayette, Bloomington and Mississippi Railway Company, the declaration in the case containing a special count upon an order on the treasurer of the company for $4000, as salary due the plaintiff as member of the executive committee of the board of directors of the company, and director; also the common counts.

The claim is for services performed for the company, during all the time of the performance of which the plaintiff was a director of the company, and also a member of the executive committee, consisting of five persons, who took charge of building defendant's railroad under a resolution of the board of directors placing the matter of building and equipment of the road in the hands of the executive committee and the chief engineer, who were empowered to execute, in behalf of the company, all necessary contracts for the construction of the road, and to provide funds for the payment for such construction and equipment.

This case has previously been before this court, and is reported in 68 Ill. p. 570. The rule was there recognized to be, that to entitle directors, etc., of such a company to receive compensation for services, it must be fixed by the by-laws of the company, or at least by a resolution of the directors, spread on the minutes of their proceedings, and this before the services are rendered; and that as there was no such by-law or resolution, the duties plaintiff performed as a member of the executive committee in and about contracting for the construction of the road, including time and travel, were a part of his duty as director, and that he had no right to recover for them.

It was there said, however, that because plaintiff was a member of the board of directors, it did not follow that he was

bound to perform all duties usually exercised by agents properly appointed, and when he performed such duties under an appointment by a resolution of the board, he should be allowed compensation therefor—that if he was appointed to solicit subscriptions of stock, and to procure the right of way for the road, he might recover, unless that duty was imposed on him as director by the charter or the by-laws.

The services here were for soliciting subscriptions of stock, and procuring the right of way. There was no evidence that that duty was imposed on plaintiff as director, by the charter of the company or the by-laws, further than would appear by the above resolution of the board of directors. All the employment there was of the plaintiff was, that the president of the company employed him to get the right of way in 1869, saying he should be well paid; and in the spring of 1870 the executive committee employed him for that purpose, agreeing to give him $300 per month; afterward the executive committee took him from that work, and sent him to obtain subscriptions to the capital stock, nothing being ever said about compensation therefor. This is all there was in respect of employment or compensation. There was no resolution of the board of directors for the employment of plaintiff, or for his compensation. His employment was verbal. There was no provision in the by-laws for the payment of any salary, or any compensation to any of the officers of the company.

Without considering the question whether there be any right of recovery for these services, under our former decision, the evidence makes it very clear that if there was any liability of the company for them, the services have been fully paid for.

It appears that in the fall of 1871, Snell, Taylor & Co. contracted to complete the road of the defendant, and to pay its legal liabilities. The witness Dixon testifies, that he, as the agent of Snell, Taylor & Co., went to plaintiff for such right of way papers as he had, and he refused to deliver them up till he was paid what he claimed the company owed him; that in the spring of 1872, at the instance of Snell, Taylor & Co.,

he went again to see plaintiff and pay him all that was due; that plaintiff made up the amount $911.50, and witness paid it, which, with $545.45 paid in September, 1872, for fence, was all that plaintiff claimed.

Taylor, of the firm of Snell, Taylor & Co., testifies, that when they were negotiating the contract to complete the road and pay off the indebtedness, the claim of plaintiff against the company was talked of, and that plaintiff gave him a list of the debts of the company, and among them what he claimed was due him—one item of $445, and another of $400; that plaintiff always said the items were correct, and no work was done by him after this; that he saw plaintiff several times after the witness Dixon had paid him, and he said he was paid in full.

This testimony does not appear to be essentially contradicted.

It appears that at the time of the making of the contract with Snell, Taylor & Co., the railroad was about to pass into the possession of the Toledo, Wabash and Western Railway Company by lease, and there was a provision in that contract for the payment by Snell, Taylor & Co. to the defendant company, of the sum of $25,000. The testimony is, that that sum was for the officers of the company, six in number, of which plaintiff was one; that it was to be divided between them, plaintiff to have $4000; that it was for their services as officers; that they were to have it in their official capacity.

Plaintiff himself says, "the $25,000 was to be divided among us six to pay us for our services as officers;" that he settled nothing but the claim for which he had a lien, in delivering up the right of way papers; that the residue of his claim for services he expected to get out of the $25,000, if received.

It sufficiently appears that plaintiff has been paid for all services, except services as an officer of the company, which he, in common with the other officials of the company, claims compensation for as official services.

This claim, as before adjudged, will not be sustained.

The judgment must be reversed.

*Judgment reversed.*

Mr. Justice Scott dissenting.