[No. 6,681.—In Bank.]

## FRANCIS K. SHATTUCK v. THE OAKLAND SMELTING AND REFINING COMPANY.

TRUSTEES — FRAUD — PUBLIC POLICY — RESOLUTION — CORPORATION — EVIDENCE — OBJECTION — PRACTICE.—S. W. and S. being trustees of the defendant, and in conjunction with another trustee—constituting the Board—passed a resolution by which, after reciting that certain shares of stock had been conveyed for the use of the corporation, it was resolved that the construction account of said works should be charged with said stock at twenty-five dollars a share, and that the several parties who furnished the same should be credited therewith at that price, and also that there should be allowed to the several trustees respectively certain sums for services. In an action by the assignee of S. W. and S., for the several sums allowed them, this resolution was admitted in evidence on the part of the plaintiff, the defendants objecting as stated below:

Held, That the resolution was void and that the objection should therefore have been sustained.

APPEAL from an order denying a new trial in the Third District Court, County of Alameda. McKEE, J.

Upon the offering of the resolution referred to in the opinion, the defendants' attorney objected generally without specifying any grounds, and upon the objection being overruled, excepted, and after the resolution had been read in evidence, added the further objection that it was contrary to public policy for the trustees to pass such a resolution as that in their own favor.

*G. F. & W. H. Sharp*, for Appellant.

The attempted sale of their own stock, by the trustees to the company, was fraudulent and void, as being against public policy, and no right of action accrued for the price to either the trustees or their assignee, the respondent. (*Davis v. Rock Creek Lumber Co.*, 55 Cal. 359; *Farmers' Bank v. Downey*, 53 id. 466; *Pickett v. School District*, 25 Wis. 551; *San Diego v. S. D. & Los Angeles R. R. Co.*, 44 Cal. 113.) The Court below erred in admitting the resolution of January 8th, 1874.

*J. P. Phelan*, for Respondent.

Ross, J. (in Department One):

The plaintiff sues as assignee of Sextus Shearer, David B. Wilson, and Albert N. Shearer, of certain demands of these parties against the defendant corporation in the form of accounts stated. Wilson and the Shearers were trustees of the corporation at the time the alleged indebtedness arose, and at the time the alleged accounts were stated.

To establish his cause of action the plaintiff, at the trial in the Court below, offered in evidence an entry in the book of records of the corporation, as follows:

" An adjourned meeting of the Board of Trustees of the Oakland Smelting and Refining Company, held at the office of said company in the City of Oakland, this 8th day of January, 1874, at seven o'clock P. M. Present—Sextus Shearer, Wm. F. Boardman, Albert N. Shearer, and David B. Wilson.

The following preamble and resolutions were presented by Wm. F. Boardman, and unanimously adopted :

" Whereas, for the purpose of promoting the interest of the corporation, it was deemed expedient by all the stockholders to have conveyed to Morgan S. Hurd one hundred shares of the capital stock of the corporation, to Charles H. Swain two hundred shares, and to L. Eisenhuth one hundred shares, for the purpose of securing their services and influence in carrying forward the business of said corporation; and whereas, in compliance with such determination, Wm. F. Boardman did, on the 13th day of November, 1873, convey to Morgan S. Hurd one hundred shares of the capital stock of said company, and on the 11th day of December, 1873, convey to Charles H. Swain one hundred and twenty shares of said capital stock, and Sextus Shearer did on the 13th day of November, 1873, convey to L. Eisenhuth one hundred shares of the capital stock of said company, and Albert N. Shearer did, on the 11th day of December, 1873, convey to Charles H. Swain eighty shares of the capital stock of said company;

" Therefore, resolved, that the construction account of said works be charged with said stock at twenty-five dollars per share, and that the several parties who furnished the same be credited therewith at that price;

" And that it is also resolved, that William F. Boardman be allowed, for his services performed for said company from the 1st day of April, 1873, to the 1st day of January, 1874, the sum of ($1,800) one thousand eight hundred dollars;

" That Sextus Shearer be allowed for his services performed as President of said company, from February 1st, 1873, to January 1st, 1874, the sum of two thousand dollars ($2,000); and that David B. Wilson be allowed a balance due him for his services rendered as Secretary of said company to January 1st, 1874, the sum of ($976.63) nine hundred and seventy-six dollars and sixty-three cents; and that Albert N. Shearer be allowed for labor and services performed by him for said company the sum of ($300) three hundred dollars.

" On motion, the Board of Trustees adjourned.

" DAVID B. WILSON, Secretary."

According to the record before us, this resolution formed

the basis of the plaintiff's demand. To its introduction the
defendant objected on the grounds that it was inadmissible
under the pleadings, and contrary to public policy. The ob-
jection should have been sustained. The resolution has none
of the elements of an account stated. It is obvious that trus-
tees of a corporation can not vote themselves the property of
the corporation in the manner here adopted.

The appeal from the judgment was taken too late, and must
be dismissed.

Appeal from judgment dismissed. Order denying new trial
reversed, and cause remanded for a new trial.

McKINSTRY, J., and McKEE, J., concurred.

The COURT in Bank:

This case was heard in Department One, and its judgment
filed, dismissing the appeal from the judgment and reversing
the order denying the motion for a new trial, and remanding
the cause for a new trial. For the reasons given in the opin-
ion of the Department the like judgment is rendered by the
Court in Bank. Let the same be entered.