GUSTAVE W. PFEIFFER, Appellant, v. THE LANSBERG BRAKE COMPANY, Respondent.

St. Louis Court of Appeals, February 10, 1891.

44    59
67   563
44    59
70   367
44    59
139m  76
75   463
44    59
166s  33

1. **Corporation:** COMPENSATION OF OFFICERS. One, who is both the secretary and a director of a corporation, is not entitled to compensation for services as secretary in the absence of express prearrangement therefor.

2. ———— : CONSTRUCTION OF BY-LAW.   A by-law of a corporation provided that "No salary shall be paid to the officers of this company  *  *  *  except to the secretary." *Held* that it did not in itself provide by implication for the compensation of the secretary, but merely left the board of directors free to provide for such compensation.

*Appeal from the St. Louis City Circuit Court.*—HON. 'DANIEL DILLON, Judge.

AFFIRMED.

*D. P. Dyer*, for appellant.

(1)  The two offices held by the plaintiff, viz., those of secretary and director of the defendant corporation, were separate and distinct, and, even in the absence of express provision, there would have been an implied contract for compensation for the services rendered by him as secretary, notwithstanding that he was also a director.  *Rogers v. Hastings, etc., Co.,* 22 Minn. 25 ; *Ten Eyck v. Pontiac Co.,* 3 Law. Ann. Rep. 378; *Schackelford v. Railroad,* 37 Miss. 202 ; *Mining Ass'n v. Meredith,* 49 Md. 389 ;  *Chandler v. Bank,* 13 N. J. Law, 255 ; *New Orleans, etc., Co. v. Brown,* 36 La. Ann. 138 ; *Cheeney v. Railroad,* 68 Ill. 570, 575 ; s. c., 87 Ill. 446 ; 1 Morawetz on Private Corporations, sec. 508 ; 1 Waterman on Corporations, sec. 131 ; *Bank v. Drake,* 29 Kan. 311, 330 ;  *Bell v. Railroad,* 37 Eng. Law & Eq. 539 ; *Barnett v. South London, etc., Co.,* L. R. 18 Q. B. Div. 817.  ( 2 ) The evidence certainly warrants, if it does not require, a finding that compensation was contracted for. That a specific amount was not agreed upon for the compensation of the plaintiff, is immaterial.

*Rassieur & Schnurmacher*, for respondent.

(1)  An  officer  of  a  corporation, who  is  also  a director, cannot recover compensation for services rendered to the corporation, as such, unless the compensation has been fixed by corporate action before the

services rendered are performed. He cannot recover on *quantum meruit*. *Besch v. Mfg. Co.*, 36 Mo. App. 333 ; *Bennett v. Roofing Co.*, 19 Mo. App. 349 ; *Kilpatrick v. Bridge Co.*, 49 Pa. St. 118 ; *Linen Co. v. Hough*, 91 Ill. 63 ; *Cheeney v. Railroad*, 68 Ill. 570 ; *Mining Ass'n v. Meredith*, 49 Md. 389. ( 2 ) Article 12 of the by-laws does not attach a salary to the office of secretary. Without this by-law the directors had the right ·to annex a salary to all the offices. The effect of the by-law was to prevent the board from granting a salary to the president, vice-president or treasurer. The prohibition however was not to apply to the secretaryship ; as to this office the ordinary rule of law was left in force. But the record fails to show that any salary was ever determined upon or fixed, even for this office.

THOMPSON, J.—This was an action for the reasonable value of the services of the plaintiff as secretary of the defendant corporation for the period of one year. At the close of the evidence the court directed the jury that the plaintiff could not recover. He thereupon took a nonsuit with leave to move to set it aside, and, having made the motion unsuccessfully, brings the case here by appeal.

Payment of his services was resisted on the ground that, during the period within which the services were rendered, he was a director of the company, and that there was no by-law, resolution or contract of the corporation allowing him compensation for his services as secretary.

The corporation was organized under the laws of Illinois, and had its principal office at East St. Louis, in Illinois, but had a so-called branch office in St. Louis. The plaintiff was a stockholder to the extent of one-eighth of the capital stock. At the first meeting, at which directors were elected, he was chosen one of the directors. He was also at the same time elected secretary. The by-laws of the company empowered the

directors to discharge the president, vice-president, secretary, treasurer and employes of the company. One of the by-laws thus defined the duties of the secretary : "The secretary shall give due notice of all the meetings of the stockholders and directors, shall keep proper books of record *and of accounts* for the business of the company, and he shall countersign and register all certificates of stock, attach the corporate seal of the company to them, and perform all such other duties as are incident to his office. He shall be custodian of the company's seal."

Another by-law was as follows : "No salary shall be paid to the officers of this company, until actual profits are made out of the business of this company, except to the secretary."

The plaintiff's evidence was to the effect that, during the year for which he now attempts to recover for his services as secretary, he also acted as the bookkeeper of a commercial house in St. Louis at a regular salary of $125 per month, with a donation, greater or less, according to circumstances, at the end of the year. He nevertheless found time to open and keep a regular set of double-entry books of accounts for the defendant corporation. During the year about $12,000 were disbursed by the defendant upon vouchers amounting to the number of about one hundred and fifty. There was some evidence of a rather indefinite character, from which the jury might have found the value of these services as bookkeeper to have been $50 or $60 a month.

We are of opinion that the judgment of the circuit court must be affirmed. The cases hold with great unanimity that the directors of a corporation are not entitled to compensation for their services as directors, unless by statute, by-law or prior action of the stockholders ; that the law does not imply a promise on the part of the corporation to pay for such services ; and that they cannot vote themselves compensation for such services after the services have been rendered. *Cheeney*

*v. Railroad*, 68 Ill. 570; *Mobile Branch Bank v. Collins*, 7 Ala. 95; *Branch Bank v. Scott*, 7 Ala. 107; *Stacy v. Bank*, 4 Scam. (Ill.) 91; *Loan Ass'n v. Stonemetz*, 29 Pa. St. 534; *Dunston v. Gas Co.*, 3 Barn. & Ad. 125; *Hall v. Railroad*, 28 Vt. 401; *Pierson v. Thompson*, 1 Edw. Ch. 212; *Smith v. Putnam*, 61 N. H. 632; *Ellis v. Ward*, 20 N. E. Rep. (Ill.) 671; *Burns v. Beck*, 10 S. E. Rep. (Ga.) 121; *Eakins v. White-Bronze Co.*, 75 Mich. 568; *Ashton v. Dashoway Ass'n*, 22 Pac. Rep. 660; s. c., 7 L. R. A. 809; *Wood v. Lost Lake, etc., Co.*, 23 Pac. Rep. (Or.) 848; *Jones v. Morrison*, 31 Minn. 140; *Gardner v. Butler*, 30 N. J. Eq. 702; *State v. Mut. Benefit Ass'n*, 42 Ohio St. 579; *Shattuck v. Smelting Co.*, 58 Cal. 550; *New York, etc., Ry. Co. v. Ketchum*, 27 Conn. 170; *Ogden v. Murray*, 39 N. Y. 202; *Hodges v. Railroad*, 29 Vt. 220; *American, etc., Ry. Co. v. Miles*, 52 Ill. 174; *Maux Ferry Gravel Road Co. v. Branegan*, 40 Ind. 361.

This rule has been extended to services rendered by officers of corporations, which are regarded as naturally incident to their duties as directors. On this ground it has been held that the executive committee of a joint stock company have no right to vote moneys to themselves in addition to their regular compensation. *Blachford v. Ross*, 5 Abb. Pr. (N. S.) 434. In Pennsylvania it has been held that the president of a corporation is not entitled to compensation for his services, unless an agreement for compensation has preceded the rendition of the services. *Martindale v. Wilson-Cass Co.*, 19 Atl. Rep. (Penn.) 680. In a case in Oregon, where the by-laws of a corporation provided that the salary of the president should be fixed by the board of directors, but no action in that regard was taken before a claim was made by him for past services, which claim was allowed by the board of directors, it was held that the claim could not be enforced against the property of the corporation, subsequently assigned for the benefit of creditors. *Wood v. Lost Lake, etc., Co.*, 23 Pac. Rep.

848. On a similar theory the early supreme court of Illinois held that a director could not recover from the corporation a reward which it had offered for the detection of a robber. *Stacy v. Bank*, 4 Scam. (Ill.) 91. If we are to look outside of our own decisions for the solution of this question, the decisions of that state are perhaps more persuasive than others, owing to the fact that, although the law of that state was not proved in this case as a fact, yet this was a corporation organized under the laws of that state; and the meeting at which the plaintiff was elected a director and secretary took place at East St. Louis in that state. It has been held in a recent case in that state, where the by-laws of a company provided that its officers should receive compensation such as should be determined at the stockholders' meeting, but no compensation was ever so fixed, that the president could not recover for his services, in the absence of an agreement to pay for the same. *Illinois Linen Co. v. Hough*, 91 Ill. 63. A later decision of the same court is to the effect that an appropriation by the directors of a corporation of its funds, as a compensation to its president for services rendered at a time when there was no by-law or resolution authorizing payment for such services, is unauthorized, and that the corporation, by its receiver, may recover the fund so appropriated. *Ellis v. Ward*, 20 N. E. Rep. (Ill.) 671.

The supreme court of Illinois have also held that, where the director of a corporation performs services which may be regarded as incidental to his duties as director, as where he acts as treasurer of the corporation, his salary, fee or compensation as such must be fixed by the board of directors before he enters upon the duties of the special office; otherwise he cannot recover any compensation afterwards. *Holder v. Railroad*, 71 Ill. 106; s. c., 22 Am. Rep. 89. To the same effect is *Kilpatrick v. Penrose, etc., Co.*, 49 Pa. St. 118. The supreme court of Illinois have likewise held that a director of a railway company cannot recover from the

company the reasonable value of his services, rendered by him as a member of the executive committee of its directors in making efforts to contract for the construction of its road, which services include compensation for time and travel; such services being a part of his duties as director. The court adds: "Nor is it an answer to say that the company could have entrusted the duties of the executive committee to others not directors or even stockholders, and paid them a fair compensation for their time and skill. They had the power so to act as directors, and they as directors, or as a part of them, performed the services." *Cheeney v. Railroad*, 68 Ill. 570; s. c., 18 Am. Rep. 584, 588. On a like theory it has been held in Massachusetts that a director of an incorporated bank, who receives a salary as president, cannot recover from the bank additional compensation for acting as a member of a "committee on alterations and repairs," and for superintending the repairs of a building purchased by the bank, although his services were valuable to it. *Pew v. Bank*, 130 Mass. 391.

On the other hand, there is a considerable line of judicial authority to the effect that a director of a corporation may recover compensation from the corporation, upon an implied promise, for the reasonable value of special services rendered at its instance and request, which services are clearly outside the duties of a director. These cases have arisen in different ways, and, while their special holdings do not always fit the precise proposition here stated, they have generally been decided upon that principle. *Henry v. Railroad*, 27 Vt. 435; *Hodges v. Railroad*, 29 Vt. 220; *Chandler v. Bank*, 1 Green (N. J.) 255; *Gardner v. Butler*, 30 N. J. Eq. 702; *LaFayette, etc., Ry. Co. v. Cheeney*, 87 Ill. 446; *Prilliman v. Mendenhall*, 22 N. E. Rep. (Ind.) 247; *Greensboro, etc., Turnpike Co. v. Stratton*, 22 N. E. Rep. (Ind.) 247; *Gridley v. Railroad*, 71 Ill. 200;

*Santa Clara Mining Ass'n v. Meredith*, 49 Md. 389; *Ten Eyck v. Railroad*, 41 N. W. Rep. (Mich.) 905. While these decisions are generally confined to services of a special and peculiar character, such as acting as the attorney of the company, soliciting subscriptions to its capital stock, etc., yet cases have been found which extend the same principle to services rendered by an officer of the company. One of these cases was decided by the supreme court of Minnesota, and is to the effect that a director, rendering services outside his duties as such, in the character of *secretary* of the company, under a resolution of appointment which does not fix his compensation, may recover the reasonable value of his services. *Rogers v. Railroad*, 22 Minn. 25. Possibly the value of this decision as an authority is weakened by a subsequent decision of the same court to the effect, that a vote of directors, fixing the compensation of one of their number as an officer of the corporation, is *prima facie* voidable at the election of a stockholder. *Jones v. Morrison*, 31 Minn. 140. It has been held, in one of the courts of the United States, that, where it is understood by the directors of a corporation that its officers are to be paid for their services, a note given at the end of the year for a reasonable sum in settlement of such services is valid, though the salary of the officer has not been fixed. *Stewart v. St. Louis, etc., Co.*, 41 Fed. Rep. 736.

We have thus reviewed, though necessarily in a summary way, many of the decisions in other American jurisdictions which bear upon this question. It is perceived that they are not so uniformly to the effect that a ministerial officer of a corporation, such as its secretary, being also a director, can recover for his services, on the theory of an implied contract, where his compensation has not been fixed by the board of directors outside of his own vote prior to the rendition of the services, as to require us to depart from our previously expressed views on the subject.

In *Bennett v. St. Louis Car Roofing Co.*, 19 Mo. App. 349, this court, speaking through Judge ROMBAUER, intimated its views upon this question in the following language: "That directors stand in the relation of trustees to the stockholders and cannot dispose of the trust property to promote their individual interests, may be conceded. That, however, does not prevent their employing in good faith one of their number to perform services for the corporation, which are not necessarily incident to his duties as director. The compensation, however, should be fixed by by-law or resolution before the services are actually rendered, so as to contain the necessary elements of a contract supported by sufficient consideration."

While this observation was not strictly necessary to the decision of that case, the principle there laid down was reaffirmed by this court in *Besch v. Mfg. Co.*, 36 Mo. App. 333. In this last case a director of a corporation, who had been appointed its vice-president and superintendent, brought an action against the company to recover upon a contract for an increase of his salary as such vice-president and superintendent. He was not able to show a resolution of the board of directors authorizing the increase, but showed that the increase had been agreed upon by the other two directors of the corporation acting individually. This court held (reversing the circuit court) that he was not entitled to recover, unless he could show that the increase in his salary had been agreed upon at a regular meeting of the board of directors. This court in its opinion given by Judge BIGGS reaffirmed the doctrine of the supreme court of Pennsylvania in *Kilpatrick v. Penrose, etc. Co.*, 49 Pa. St. 118, in the following language: "The offices of a corporation are generally filled by the chief promoters of the corporation, whose interest in the stock is supposed to be a motive for executing the duties of the office without compensation, and this

presumption prevails, until overcome by express pre-arrangement of salary." This court, using its own language, also said : "The fact that the three directors in the case under consideration were the only stockholders ought not to change the rule. If parties avail themselves of the privilege offered by our statute to conduct their private business enterprises as corporations, they must, in the management, submit to be governed by corporation law. We are of the opinion that public policy requires that *all* such contracts should be the subject of direct corporate action, and should be made a matter of record in the books of the corporation."

Both of these cases were actions upon express contracts, and, therefore, it must be conceded that what was said in the opinion is not directly controlling as authority in this case, which is an action upon an implied contract. But the principles there laid down were not lightly considered ; and we see no reason for departing from them in this case.

But it is argued that the by-law above quoted, providing that "no salary shall be paid to the officers of this company, until actual profits are made out of the business of the company, except to the secretary," provides by implication for compensation for the services of the plaintiff as secretary. We do not so interpret the by-law. We interpret it as being merely a prohibition against paying salaries to the officers of the company, except the secretary, until profits should be made, and as leaving the question, whether a salary should be paid to the secretary, open for future decision, depending upon experience as to the amount of work which might devolve upon that office.

Nor do we perceive any hardship in the view which we take. The plaintiff, being a director, might at any time, as soon as he discovered that the services required of him as bookkeeper of the company were onerous, have brought the question of his compensation before the board of directors, and procured the passage of a

resolution fixing his salary at a stated sum. As he did not see fit to do this, in our judgment, the implication of law is that the understanding between him and the other directors was that the services should be gratuitous.

We, therefore, affirm the judgment of the circuit court. It is so ordered. All the judges concur.