## Chicago Porter Home Investment Company
### v.
## Samuel M. Biddison.

*Master and Servant—President of Corporation—Recovery of Salary.*

Unless provision is made in the by-laws and resolutions of a corporation for compensation to the president thereof for services by him rendered in the discharge of his duties as such officer, he will not be entitled to compensation.

[Opinion filed November 17, 1892.]

Appeal from the Superior Court of Cook County; the Hon. Theodore Brentano, Judge, presiding.

Mr. J. M. Young, for appellant.

Mr. W. B. Cunningham, for appellee.

Mr. Justice Waterman. In this case the appellee sued to recover an amount alleged to be due to him as salary while acting as president of the company, a corporation.

He testified that he acted as president, and that it was agreed that he should be paid a salary of $25 a week. Who acted on behalf of the company in making this agreement does not appear, although appellee testifies that it was made in the presence of three persons, members and officers of the company.

Appellee was a member of the board of directors for the time during which he asks compensation, and it is not claimed that there was any by-law, order or resolution of the board of directors or of the company authorizing the payment of compensation to any officer or director.

Quite an amount appears to have been paid to appellee, as he says, on account of salary. It does not appear that the services rendered were outside of his duties as president.

We do not think the evidence warranted a verdict for appellee.

Unless provision is made in the by-laws and resolutions of a corporation, for compensation to the president for services by him rendered in the discharge of his duties as such officer, he will not be entitled to compensation : Merrick v. Peru Coal Co., 61 Ill. 472; Cheeney v. Lafayette B. & M. Ry. Co., 68 Ill. 570; Lafayette B. & M. Ry. Co. v. Cheeney, 87 Ill. 446.

The judgment of the Superior Court is reversed and the cause remanded.

*Reversed and remanded.*