WEST POINT TELEPHONE & TELEGRAPH CO. *v.* SAMUEL E. F. ROSE.

1. CORPORATION. *Promoters. Services.*

   A director is not entitled to compensation for services rendered as secretary to the promoters, prior to the organization of a corporation, in the absence of any understanding or agreement looking to such compensation.

2. SAME. *Gratuitous services.*

   If a director of a corporation act as secretary for the company gratuitously, he cannot afterwards maintain an action for the value of his services.

From the circuit court of Clay county.

HON. W. F. STEVENS, Judge.

The facts are sufficiently stated in the opinion of the court. The judgment of the court below was in favor of plaintiff Rose, appellee, and the defendant below, the West Point Telephone & Telegraph Co., appellant, appealed to the supreme court.

*Critz, Beckett & Jones,* for appellant.

There is no implied contract to pay co-promoters for services where one acts as secretary. *Bailey* v. *Burgess,* 48 N. J. Eq., 411; Alger on Law of Promoters, sec. 245, and authorities cited. Contracts made for a corporation by its promoters prior to its incorporation are not enforceable by or against the corporation after its organization. Alger on Law of Promoters, secs. 194, 212, p. 199, and numerous authorities cited from a large number of states. "And this is so, although the promoters become, on the formation of the corporation, its only shareholders, directors, and officers." Alger on Law of Promoters, sec. 194, and note 2, p. 200. In any event the corporation is not liable for services before incorporation, unless at least there was an agreement for payment authorized by a

majority of the persons associated together for incorporation, and then only in equity to reach the property put into the corporation by such persons. Alger on Law of Promoters, etc., secs. 221, 222.

In this case all the interested parties other than plaintiff say there was an understanding there was to be no pay, and Rose himself says he does not undertake to affirm what the understanding of the others was. Hence, even if he were a stranger, instead of a member, he has utterly failed to show that a majority of the directors or stockholders, or promoters, agreed to pay him.

The rule is inflexible that where the secretary is a stockholder or director in the corporation, before he can recover for services as secretary he must prove that there was an express agreement or a by-law to pay him. He is not like a stranger, who has no control over the minutes. He can have the contracts entered on the minutes, and where he is secretary he has no excuse for failure to do so. *Mather* v. *Eureka Mower Co.*, 44 Hun, 333; *Phieffer* v. *Lansberg, etc.*, 44 Mo. App., 59; *Hoder* v. *R. Co.*, 71 Ill., 106; *Kilpatrick* v. *Penrose*, 49 Pa. St., 118; *Butts* v. *Wood*, 37 N. Y., 317; *Loan, etc.*, v. *Stonemetz*, 29 Pa. St., 534; *N. Y. & N. H. R. R. Co.* v. *Ketchum*, 27 Conn., 170.

*Roane & McClelan*, for appellee.

The only question is: Can a promoter of a corporation who performs valuable services in developing the property and in bringing about the incorporation, recover against the incorporation upon an implied contract, where his services have been accepted and recognized by the incorporation? We think it liable. 1 Thompson on Corporations, secs. 484, 485, 486.

There is no conflict in the evidence that the service of Rose commenced in August, 1896, and continued until October, 1897, and that said services were valuable and necessary, and that the corporation accepted those services and enjoyed the

benefits of them.  It is further agreed that there was no incorporation until August, 1897.

WHITFIELD, J., delivered the opinion of the court.

Appellee was a stockholder, director, and acted as secretary for the promoters of the appellant corporation prior to its existence as a corporation.  While so acting as secretary, he claims to have rendered services valuable and necessary, both as secretary and otherwise, for a period of fifteen and one-half months, intended by him for the benefit of the future corporation, and which he says he expected to be paid for by the corporation.  Although acting as secretary, he never procured those acting as directors to adopt any resolution providing for payment of any of these services at any rate, though certainly it was easy to have had this done, if it was the purpose that he should be paid.  Appellee does not himself testify that the other persons acting as directors ever understood or agreed that he was to be paid anything.  On the contrary, there is positive testimony that the agreement was that no salaries were to be paid any of the officers for the first year.  The clear preponderance of the testimony—its overwhelming drift and effect—is, not only that no express contract was made to pay appellee, but that the express understanding was that no salaries were to be paid any officer for the first year.

Sections 484 *et seq.*, 1 Thompson on Corporations, deal with the case of strangers to a corporation who have made contracts with the promoters, and the rule there, even, is stated to be that ordinarily such contracts cannot be enforced against the subsequently formed corporation.  So far as contract is concerned, there is no privity between the subsequently formed corporation and such strangers.  1 Thompson on Corporations, secs. 480–489.  It is said in the exhaustive note to *Oakes* v. *Water Co.* (N. Y. App.), 26 L. R. A., 544, s. c. 38 N. E., 461, that the "most recent cases agree that, unless the corporation has adopted a contract made for it by its promoters, no liability is imposed upon it by reason of such contract."

It is, indeed, said in section 484, 1 Thompson on Corpora-
tions (cited by appellee's counsel), that it has been ruled that
where, after the charter and before the organization of a cor-
poration, services are rendered which are necessary to complete
the organization, and, after it has been perfected, the corpora-
tion elects to take the benefits of such services, knowing they
were rendered with the understanding that compensation was to
be made, it will be held liable to pay for the services, upon
the ground that it must take the burden with the benefit, but
that no promise to pay would be implied from the fact that
such services were rendered at the request of any number of
the corporators less than a majority. But counsel's citation
does not avail, for several reasons: (1) The section is dealing
with suits brought by strangers, on contracts made with pro-
moters, against the subsequently formed corporation, for serv-
ices rendered after charter; (2) nearly all these services were
rendered before charter; (3) there is no "understanding" or
"request" of any number of promoters even, that these
services, except those as secretary, should be rendered.

This is a suit by appellee, as secretary chiefly, and falls
within the rule clearly and emphatically announced by Judge
Thompson in *Pfeiffer* v. *Brake Co.*, 44 Mo. App., 62, where
he says: "The cases hold, with great unanimity, that the
directors of a corporation are not entitled to compensation for
their services as directors, unless by statute, by-law, or prior
action of the stockholders; that the law does not imply a
promise on the part of the corporation to pay for such serv-
ices," citing a multitude of authorities, and then adding:
"This rule has been extended to services rendered by officers
of corporations which are regarded as naturally incident to
their duties as directors," citing many cases directly in point.

The supreme court of Pennsylvania, in *Kilpatrick* v. *Bridge
Co.*, 49 Pa. St., 118, says: "The offices of a corporation are
generally filled by the chief promoters of the corporation,
whose interest in the stock is supposed to be a motive for

executing the duties of the office without compensation, and this presumption prevails until overcome by express prearrangement of salary.''

We think the overwhelming weight of the evidence is that there was an express agreement that no officers should be paid salaries for the first year. The resolution as to the $150 sufficiently shows on its face that it was an offer by way of compromise, and there is other unexcluded testimony to that effect. All this testimony should have been excluded. It follows that a remittitur cannot be permitted here, but the judgment must be reversed.

We are not, under the proof, called on to say anything as to the doctrine that where a corporation receives the benefit of services essentially necessary to its existence or maintenance, rendered by third parties, or by promoters, without any express contract, it will be liable in *quantum meruit*, in equity, at least. *Shackelford* v. *Railroad Co.*, 37 Miss., 202, holds that to be the true doctrine, as do the authorities cited in note to *Ten Eyck* v. *Railroad Co.* (Mich.), 3 Law. Rep. Ann., 378, s.c. 41 N. W., 905; Alger, Promoters Corp., secs. 223, 224; 1 Thomp. Corp., secs. 484, 485; and the supreme court of New Hampshire and Vermont (*Low* v. *Railroad Co.*, 45 N. H., 370, 375; *Hall* v. *Railroad Co.*, 28 Vt., 401). And, while this doctrine has been criticized (Alger, Promoters Corp., sec. 224), we understand it to be the law of *Shackelford* v. *Railroad Co.*, *supra*, and the sound doctrine. In such case the corporation would seem to be liable, not on ratification or implied contract, but on the doctrine of estoppel. See note to *Oakes* v. *Water Co.* (N. Y. App.), 26 Law. Rep. Ann., 548, s.c. 38 N. E., 461; 1 Thomp. Corp., sec. 480. Without, however, deciding anything as to this last proposition, that the liability arises from estoppel properly, we hold that appellee fails on the proof as to compensation for services as secretary and otherwise.

*Judgment is reversed, verdict set aside and cause remanded.*