## CHARLES W. HOLDER

### v.

## LAFAYETTE, BLOOMINGTON AND MISSISSIPPI RY. CO.

1. CORPORATION—*right of officers to compensation.* Where a director of a railway company is appointed treasurer, and no provision at the time is made for his compensation, he will have no right to claim pay for the same, and the subsequent allowance of a claim in his favor will not entitle him to recover.

2. SAME—*directors are trustees of funds for stockholders.* The directors of a railway company, in respect to the corporate funds, are trustees, and have no right to use or appropriate the funds of their *cestuis que trust* to themselves. They have no power to waste, destroy, give away or misapply them.

3. Where a person, not connected with the management and disposal of the corporate property, performs services for the corporation, or where the directors are employed to perform duties disconnected with their office, compensation for the services may be allowed or recovered.

APPEAL from the Circuit Court of Livingston county; the Hon. CHARLES H. WOOD, Judge, presiding.

Messrs. SPENCER & REEVES, for the appellant.

Mr. L. E. PAYSON, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

In 1867, appellant was elected by the board of directors, treasurer of the company. He was, at the time, one of the directors. The board never fixed any salary, fees or compensation of the treasurer. He acted from the 1st day of September, 1867, until the 31st day of January, 1872, when he settled with the company, and they allowed him for his services as treasurer during that time, the sum of $4000, and drew a warrant in his favor for that sum on the treasury of the company. A warrant of attorney was given by the company, and a judgment was subsequently confessed for that amount, in favor of appellant, but. on motion, it was set aside and the company let in to plead, and on a trial, by consent of parties, by the court without a jury, the issues were found for the defendant, and a judgment rendered accordingly, from which plaintiff appeals to this court.

According to the rule announced in the case of *Cheeney* v. *The Lafayette, Bloomington and Mississippi Railway Co.* 68 Ill. 570, the question is, whether the services thus rendered were extraordinary and entirely disconnected from the duties devolved upon him as a director. The board of directors were in the possession of the funds and property of the corporation, and that body had entire control over it, and could disburse it as they chose, either by themselves, by one or more of their number, or by some other person not of the board of directors. Having done so through one of their members, we must suppose that they chose to regard it as a part of his duty as director. Had not such been the intention, it

seems to us that a salary would have been provided by a by-law or resolution.

Again, they are managing a fund as trustees for the stock-holders, and they have no right to use or appropriate the funds of their *cestuis que trust* to themselves. They have no power to waste, destroy, give away or misapply it, and when they were elected by the shareholders, no provision having been made for their compensation, the stockholders had a right to suppose they were acting under the common law rule, that, as trustees, they could not claim payment for their services. But it is said there was an understanding, when appellant agreed to act as treasurer, that he should receive a fair compensation. With whom was it so understood? Was it with the shareholders, who owned the money and property with the management of which he and his fellow-directors had been intrusted, or was it with themselves?

The Supreme Court of Pennsylvania. in the case of *Kirk-patrick* v. *The Penrose Ferry Bridge Co.* 49 Penn. St. R. 121, held that a treasurer of such a company could not recover compensation for services rendered unless the compensation had been previously fixed by a by-law or a resolution, before the services were performed. See, also, *Loan Association* v. *Stonemetz*, 29 Penn. St. R. 534; *New York and N. H. Railroad Co.* v. *Ketchum*, 27 Conn. 170; *Henry* v. *Rutland and B. Rail-road Co.* 27 Vt. 435 ; *Butts* v. *Wood*, 37 N. Y. R. 317.

We are not disposed to adopt the rule in its entire length and breadth, but to limit it to officers who have the manage-ment and control of the property and affairs of the company. Where the office of treasurer, secretary or attorney, etc., is held by a mere stockholder, or other person not connected with the directory, the rule should not apply, as they are wholly disconnected from the management and disposal of the property, and are not tempted to misapply the funds, or when they perform duties disconnected from their office, and no rule of public policy is thereby violated.

But in this case appellant was a director when he performed the duties of treasurer, and falls within the rule.    See *Gridley* v. *The Lafayette, Bloomington and Mississippi Ry. Co. post,* p. 200.

The judgment of the court below must be affirmed.

*Judgment affirmed.*

Mr. JUSTICE SCOTT :    I do not concur in this decision.