MARY G. BARRIL, Appellant, v. THE CALENDAR INSULATING AND WATER–PROOFING COMPANY, Respondent.

*Officer of a corporation — when entitled to compensation for his services.*

An officer of a corporation, in the absence of any agreement that he shall, as such, receive a salary for his services, is not entitled to any compensation for acts done in the legitimate discharge of the duties of his office.

*Semble,* that where services are performed by an officer of the corporation, acting in another and different capacity from that of an officer thereof, and it appears that the right to compensation for such services is conceded, he may recover for such services the same as though he held no office whatever under the corporation.

Appeal from an order, entered on February 21, 1887, in the New York county clerk's office, setting aside a verdict rendered in the above entitled action and directing a new trial.

*Clark Bell,* for the appellant.

*E. C. Henderson* and *James Thomson,* for the respondent.

Daniels, J.:

The plaintiff sued, as the assignee of William H. Guion, to recover compensation for his services as president of the defendant. He was elected to this office on the 30th of June, 1883, and held it to the 7th of November, 1885. During that period he discharged the

duties appertaining to this office of president of the company, but no other services were performed by him for the company while he acted in that capacity. He received in bonds and money during the time he held the office the sum of $3,100, which he applied on his services. But no agreement was proven to have been made between himself and the company, or the officers acting in his behalf, for the payment to him of any compensation whatever, for the performance of the services appertaining to his office, and which were the only services performed by him for the defendant. On the trial the court submitted the question to the jury whether there was, or could be inferred to have been, an agreement on behalf of the company to pay the president for the services performed by him in the discharge of the duties of his office. And on the submission of that inquiry to the jury they found a verdict in favor of the plaintiff. This was considered to be unauthorized by the evidence and for that reason the court set aside the verdict.

In this disposition of the case, the court appears to have been sustained by the authorities applicable to it, for the rule has become quite well settled that an officer of a corporation is not entitled to receive compensation, in the absence of an agreement securing it, for his services performed in the legitimate discharge of the duties of his office. While, if other services are performed by the officer acting in another and different capacity than that of an officer, and it appears that the right to compensation is conceded, then he may recover compensation for those services, the same as though he held no office whatever under the corporation. This was the conclusion adopted in *Jackson* v. *New York Central Railroad Company* (2 N. Y. Sup. Ct. [T. & C.] 653); and, without following and considering all the cases so assiduously collected and presented by the counsel for the appellant, it can be affirmed to have been followed in the leading case of *Pew* v. *First National Bank of Gloucester* (130 Mass., 391). There it was held that the president of the bank was not entitled to recover for his services as president; and the principle was further applied excluding his right to compensation as a member of the repairing committee, for the reason that there was no evidence that compensation was expected to be demanded or conceded on either side. The same principle was declared and applied to the office of secretary in *Talcott* v. *Olcott*

*Manufacturing Company* (11 Weekly Dig., 141), and in *Kilpatrick* v. *Penrose Ferry Bridge Company* (49 Penn., 118), where the claim was made for compensation for services rendered as president and secretary of the company. In *Loan Association* v. *Stonemetz* (29 Penn., 534) a director was in like manner denied compensation for services rendered by him for discharging the duties of his office. And the same rule was applied for the decision of *Hodges* v. *Rutland, etc., Railroad Company* (29 Vt., 220), and in *Manx Ferry Gravel Company* v. *Banigan* (40 Ind., 361), and also in *Illinois Linen Company* v. *Hieff* (91 Ill., 63).

It is not necessary that any more elaborate consideration of the authorities shall be made for the disposition of this appeal; for, on a point of the same import, raised in the case of *Gill* v. *New York Cab Company*, in which the presiding judge of this General Term wrote the opinion, it was held that under circumstances not dissimilar in their legal effect to those presented in this action, that a director of the corporation, who acted as secretary and as an executive officer, and also as vice-president of the company, was not entitled to compensation for the services rendered by him in the discharge of the duties of those offices. This decision is controlling in this court upon the disposition of this case, and it results from it, as well as from the other authorities referred to and considered, that the order was right, and it should be affirmed, with costs.

VAN BRUNT, P. J., and BRADY, J., concurred.

Order affirmed with costs.