## W. Scott Barry v. The Coffeen Coal & Copper Co.

|     |     |
| --- | --- |
| 52  | 183 |
| 105 | 241 |

1. CORPORATIONS—*Compensation of Officers.*—An officer of a corporation can not recover for services rendered upon an implied contract.

Memorandum.—Assumpsit. Appeal from the Circuit Court of Montgomery County; the Hon. JACOB FOUKE, Judge, presiding. Heard in this court at the May term, 1893, and affirmed. Opinion filed October 28, 1893.

The opinion states the case.

APPELLANT'S BRIEF, AMOS MILLER AND W. A. HOWETT, ATTORNEYS.

An officer may recover on a *quantum meruit* compensation for services beyond the duties of his office. Beach on Private Corporations, 343, 355, 356 and 391; Edwards v. Fargo & Co. S. Ry. Co. (Dak.), 32 N. W. Rep. 100; Cheeney v. L. B. & M. R. W. Co., 68 Ill. 570 and cases cited; R. R. I. & St. L. R. R. Co. v. Sage, 65 Ill. 332; Hall v. The O. & M. R. R. Co., 28 Vt. 401; Ten Eyck v. P. O. & P. R. Co. (Mich.), 41 N. W. Rep. 905; New Orleans, B. R. & Packet Co. v. Brown, 36 La. An. 138.

LANE & COOPER, attorneys for appellee.

MR. JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

This was an action of assumpsit brought by appellant to recover *quantum meruit* for services rendered while he was the president and a director of the company, but claimed to have been out of the scope of his duties, as prescribed by the by-laws or pertaining to his office, and two small items, $14, paid for his traveling expenses, and $6 for one hundred props furnished. Non-assumpsit was the only plea. By agreement the case was heard by the court without a jury. No propositions of law were submitted to be held. Finding and judgment for the defendant. Plaintiff, having made the usual motions, which were overruled, and exceptions taken, appealed from that judgment.

The claim for services was for twenty months at $60 per month, and of its disallowance the only complaint made is that it was against the evidence. That evidence, in brief, is that in the early part of February, 1889, when the shaft had been sunk and the coal reached, at a meeting of the directors, where they were talking of the kind of machinery, head-gear, etc., they would have to equip the mine, but had come to no definite conclusion in relation to it, Mr. Coffeen, one of the members, said: " I propose that we turn this matter over to Scott Barry, and let him go ahead and equip the mine, get the machinery, build the head-gear to suit himself, and go on and equip it, and whatever he does in this matter will be satisfactory to us," to which no objection was made. Nothing was then said about compensation to him, nor was any record made of the action thus taken, nor any other special authority in relation to it given to him. He went on and contracted for the machinery, brick, lumber and other material required, and superintended the work of construction and equipment.

His authority to bind the company for machinery and material furnished and labor performed by third parties for and in such work is not questioned. But did he thereby acquire, as against it, a legal right to compensation for his own services? The by-laws did not prescribe his duties

particularly.   Its provision was :   " He shall have a general supervision of the business and affairs of the company." The power thus conferred imposed the duty to exercise it, so far as the interest of the ·company required.   The equipment of the mine was clearly among the business affairs of the company.   It was to be provided for and accomplished by the board of directors as a body, or through a committee or member of the board, or such special agency as they might see fit to employ.   It involved the expenditure of a large amount of money of the company, as to which they were trustees and custodians, with power to disburse it, and full responsibility therefor.   They saw fit to devolve the duty upon their president, who was also a director, with his consent.   The informality of their action, making no record of it, nor any provision or agreement for compensation to him, tends to show that neither they nor he regarded it as an appointment of a special agent.   His authority as president and director was ample and sufficient without a special appointment, and it must be presumed that he acted upon that authority.   They and he chose to regard it as part of his duty as such president and director, and not otherwise.   Holden v. L. B. & M. Ry. Co., 71 Ill. 106; Gridley v. Same, Ibid. 200; Cheeney v. The Same, 68 Id. 570.   These authorities hold that in such case the officer can not recover upon an implied contract.

There was also evidence strongly tending to show that appellant did not intend to claim for these services, and the court below might have based his finding upon it.

Other evidence was to the effect that for the traveling expenses he received payment in coal, and that the props claimed for, were not of the kind that the company purchased and were wholly worthless.

On the whole we approve the judgment, and it will be affirmed.