## The Alston Mfg. Co. v. Alexander Squair.

1. CORPORATIONS—*A Contract to Pay a Director Will Not Be Implied Against a Corporation.*—A contract to pay a director or officer of a corporation will not be implied as against the corporation.

Assumpsit, for a salary. Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge presiding. Heard in the Branch Appellate Court at the October term, 1901. Reversed and remanded. Opinion filed December 30, 1902.

Appellant, the Alston Manufacturing Company, a corporation, was engaged in the manufacture and sale of paints,

etc., in the city of Chicago. In 1893, appellee was secretary and treasurer of the corporation at a salary of $4,000 per annum and was also a director of the corporation. In that year he became by a definite agreement also manager of the corporation and so continued during the years 1893, 1894 and 1895, at a salary of $8,000 for the first year, $8,500 for the second and $9,000 for the third year. At the close of 1895, he was further engaged by Mr. Alston, the president, in the same capacity, at $8,500 for the year 1896. During the years 1897 and 1898 he was also a director, secretary, treasurer and manager of the corporation, continuing to hold such offices, discharge the duties thereof and receive a salary of $8,500 per annum, without, so far as appears, any new arrangements.

At the annual meeting of the stockholders held January 7, 1899, appellee was not elected a director, neither was he elected secretary or treasurer; John Alston being elected president and treasurer and Hugh Squair secretary.

Nothing was said at this meeting about discharging appellee, but on January 9th, Mr. Alston, finding appellee still at work, notified appellee in writing that his position as manager had terminated. To which appellee rejoined in writing, as follows :

"CHICAGO, January 9, 1899.

MR. JOHN ALSTON, PRESIDENT ALSTON MFG. CO., CITY.

DEAR SIR: I am just in receipt of your communication that my services as manager of the Alston Mfg. Co. are no longer required and are dispensed with. I must inform you that I decline to be discharged on one minute's notice or no notice.

I have entered upon my duties this year as in previous years, and continued to fulfill the same faithfully and can not now procure another situation so far as I know. I hold myself ready to continue my duties when wanted and shall expect to collect my full salary. My address is No. 5546 South Park avenue. Yours truly,

ALEXANDER SQUAIR."

No attention was paid to this letter nor was appellee ever asked to nor did he perform any further services for appellant. March 31, 1900, he brought suit against appel-

lant for $8,500 claimed to be due him for salary as manager for the year 1899. At the trial of said cause without a jury, the court found appellee entitled to recover a salary of $4,500 per annum from January 15, 1899, to December 1, 1899, or $3,937.50, and entered judgment accordingly, from which the defendant appealed.

JOHNSON & MORRILL, attorneys for appellant; JOHN STUART ROBERTS, of counsel.

WILLIAM ELMORE FOSTER and JOHN C. STETSON, attorneys for appellee.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

It is urged by appellee that the rule that directors of a corporation are not entitled to receive compensation for services performed by them is not applicable when the service performed does not pertain to the duties of directors, but is outside and beyond that appertaining to such office.

The question in this case is not whether appellee, as a director, is entitled to recover from the corporation, compensation for services by him performed for it, but whether upon an implied contract he can recover for services which he did not perform. It is not contended that appellee has not been fully paid for all the work he did for the company. He has recovered a judgment, not for work done for it, but by virtue of an implied contract he insists existed, under the terms of which he was and remained ready to work for it, but by virtue of which he was and remained ready to work for it from the first of January, 1899, until the first of January, 1900. The law is well settled that a contract to pay a director or officer of a corporation will not be implied as against the corporation. Vol. 17, 1st Ed. Am. & Eng. Ency. of Law, 119; Am. Central Ry. Co. v. Miles, 52 Ill. 174; Cheeney v. LaFayette, Bloomington & Mo. Ry. Co., 68 Ill. 570–574; Holder v. LaFayette, Bloomington & Mo. Ry. Co., 71 Ill. 106; Illinois Linen Co. v. Hough, 91 Ill. 63; Brown v. DeYoung, 167 Ill. 549; same v. same,

66 Ill. App. 212; Barry v. The Coffeen Coal & Copper Co., 52 Ill. App. 183; Citizens' National Bank v. Elliott, 55 Ia. 104.

In Brown v. DeYoung, 167 Ill. 549, the Supreme Court said: "There is no claim that DeYoung improperly received any moneys except by way of excessive salary, nor that he received such except with the full knowledge and acquiescence of Norden, president of the corporation;" and thereafter on page 553, the court say: "It is undoubtedly the law that a director of a corporation is not entitled, as against non-assenting stockholders, to receive a salary, however justly earned, unless previously authorized by the by-laws of the corporation or by resolution of the board of directors."

In the present case it appears that appellee was, up to January 7, 1899, a director, the secretary and treasurer of the corporation. Up to that time there could have been with him, by the corporation, no implied contract for his continuing in its service up to the first day of January, 1900.

January the seventh, 1899, by the action of the stockholders that day, he had ceased to be a director, treasurer or secretary. Nothing was said about his remaining in the service of the company in any capacity. January 9th, having been seen by the president of the company at the office of the company and engaged in its business, he was at once discharged. It does not appear that the corporation or any of its officers or agents had any notice until January 9th, that he expected to remain in the service of the company or was doing anything for it. While it does appear, as before stated, that so soon as the company was notified that he was continuing or proposed to continue in its service, it immediately discharged him. Appellee was paid up to the 15th of January, 1899.

To the making of any contract, implied or expressed, there must be a meeting of two minds. An implied contract with a corporation can not be created without knowledge of or notice to any of its officers or agents. Appellee testified that the fiscal year of the company began Decem-

ber 1st. If such be the case, it does not follow that for any of the year during which he was in its service, he was employed, his year beginning on the first of December.

The bill of particulars attached to the declaration filed by appellant contains this charge: " To service for the year A. D. 1899, Manager, $8,500." According to the bill of particulars, he claimed an employment from the 1st of January, 1899, to the first of January, 1900. The affidavit of claim filed by him was also for salary for the year A. D. 1899. He did not make a claim for salary from January 7, 1899, to January 1, 1900, or to January 8, 1900.

In the recent case of Fritze v. Equitable Building and Loan Society, 186 Ill. 183, the court on page 201 say :

" It is well settled that the directors of a corporation who control the finances and property, are not entitled to compensation for the performance of their duties, unless such salary is fixed by the by-laws or by a resolution of the board before the services are performed. It must appear that the by-laws or resolution has been adopted, authorizing and fixing the allowance, before the services are rendered."

Appellee claimed to recover, not for services performed, but by virtue of an implied contract he insists existed. It not appearing that the company had in any way notice that he claimed that there was such contract or was performing any service for it, before January 9th, when it immediately discharged him, he can not recover in this action for services he did not perform.

The judgment of the Superior Court is reversed and the cause remanded.