JAMES N. STOUT, Respondent, *v.* THE SECURITY TRUST AND LIFE INSURANCE COMPANY, Appellant.

*Services rendered by a director and vice-president of a corporation outside of his duties as vice-president — when he cannot recover therefor.*

A director and vice-president of a trust and life insurance company, who renders services outside of his duties as vice-president in the management of the real estate owned by the corporation, pursuant to a resolution passed by the board of directors of the corporation, is not entitled to compensation therefor, in the absence of an express agreement on the part of the corporation, particularly where it appears that the services were rendered without any expectation on the part of either the vice-president or the corporation that payment was to be made therefor.

APPEAL by the defendant, The Security Trust and Life Insurance Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 22d day of August, 1902, upon the report of a referee.

*Jacob Halstead,* for the appellant.

*L. Laflin Kellogg,* for the respondent.

O'BRIEN, J.:

The action was brought to recover $20,000 for services rendered by plaintiff to defendant at its special instance and request in the management of its business affairs between February 28, 1899, and February 11, 1901. The plaintiff was a director and first vice-president of the defendant corporation. At a meeting of the directors on March 4, 1899, the following resolution was passed: "On motion it was resolved that the first vice-president be and hereby is appointed general manager of the real estate owned by this company with full power and authority to make leases, collect rents, to hire, appoint and discharge rental agents and other necessary employees, to make alterations and generally to supervise and manage the said real estate and all details appertaining thereto and to make reports to the company from time to time."

As to the character of the services rendered by him, the plaintiff testified that they were divided into two classes, *first,* such services as had to do with the real estate of the company under the resolution; and, *second,* services having to do with the other business of the company and the management of its affairs, not mentioned in the resolution.

The contention upon the trial was whether the services were within the plaintiff's duties as an officer and director of the company or were outside of and in addition to them. The insistence of the plaintiff was that they were outside of those duties and such as entitled him to be paid therefor. It is not claimed that there was a resolution fixing any salary or compensation; or any expression upon the part of the board of directors indicating that they expected or were to pay him for the services. The defense was that the resolution was merely an addition to the by-laws defining the duties

of the first vice-president; that the absence therefrom of any state-
ment that compensation was to be given was indicative of the sense
of the board that the services were to be performed gratuitously and
that this latter view prevailed with respect to some additional
services rendered relative to business of the defendant outside of the
duties specified in the resolution.

The question presented, therefore, upon this appeal (assuming in
view of the finding of the referee that outside of the duties of an
officer and director, the plaintiff performed certain services for the
defendant) is whether for any of his services while such director or
officer, the plaintiff can recover salary or compensation in the absence
of an express agreement or contract to pay therefor on the part of
the corporation. The cases of *Mather* v. *Eureka Mower Co.* (118
N. Y. 629); *Smith* v. *L. I. R. R. Co.* (102 id. 191); *Barril* v.
*Calendar W. P. Co.* (50 Hun, 257); *Gill* v. *New York Cab Co.*
(48 id. 524) and *Starbuck* v. *Housatonic R. R. Co.* (83 id. 534) sup-
port the rule formulated in the first authority cited (*Mather* v.
*Eureka Mower Co., supra*) that " It is well settled that a director of a
corporation is not entitled to compensation for services performed by
him, as such, without the aid of a pre-existing provision expressly giv-
ing the right to it." The rule was thus referred to in *Starbuck* v.
*Housatonic R. R. Co.* (*supra*): " In *Kelsey* v. *Sargent* (40 Hun,
156) we find a quotation from Pierce on Railroads which says : ' The
directors are presumed to perform the duties of their trust gratui-
tously; they are not entitled to compensation even for services out-
side of the ordinary duties of their offices, unless it is expressly
stipulated before the services are rendered ; but an express contract by
the board to pay a fixed or reasonable sum is binding.' " In the case
of *Gill* v. *New York Cab Co.* (*supra*) the facts were not unlike those
appearing in the case at bar. There the plaintiff was a director as
well as vice-president of the corporation and claimed compensation
for services rendered outside of his duties as officer and director.
In the opinion written by the presiding justice of this court it was
said : " Although the services which were claimed to have been
rendered by the plaintiff in this case may have been beyond that
which ordinarily belonged to the office of director, and beyond the
scope of the duties defined by the by-laws as belonging to the
office of second vice-president, yet, from the mere fact of the ren-

dition of those services, no presumption of a promise to pay can arise."

If the law as settled in this State is to control, therefore, it is evident that, upon the facts shown by this record, the plaintiff cannot recover. It is insisted, however, that a different rule has been established by the Supreme Court of the United States, and we are referred to the two cases of *Fitzgerald Construction Co.* v. *Fitzgerald* (137 U. S. 98) and *Corinne Mill, Canal & Stock Co.* v. *Toponce* (152 id. 405). In the latter case it was held that a general manager of a corporation who is at the same time a director and vice-president thereof may recover of it for his services as general manager which were clearly outside of his duties as vice-president and director where they were rendered under such circumstances as raise an implied promise to pay for them on the part of the corporation. And in the authority first cited (*Fitzgerald Construction Co.* v. *Fitzgerald, supra*) Chief Justice Fuller quotes with approval what was said in *Pew* v. *First National Bank* (130 Mass. 391) as follows: " A bank or other corporation may be bound by an implied contract in the same manner as an individual may. But in any case the mere fact that valuable services are rendered for the benefit of a party does not make him liable upon an implied promise to pay for them. It often happens that persons render services for others which all parties understand to be gratuitous. * * * In such cases, however valuable the services may be, the law does not raise an implied contract to pay by the party who receives the benefit of them. To render such party liable as a debtor under an implied promise, it must be shown, not only that the services were valuable but also that they were rendered under such circumstances as to raise the fair presumption that the parties intended and understood that they were to be paid for; or, at least, that the circumstances were such that a reasonable man in the same situation with the person who receives and is benefited by them would and ought to understand that compensation was to be paid for them."

The learned referee has found, *first*, that the plaintiff performed all the services at the request of the defendant; and, *second*, that all for which compensation is sought were outside the duties of vice-president. The record, however, is barren of any specific request on the part of the corporation other than what is stated in

the resolution, and we must assume, therefore, if the plaintiff is to succeed, that both the services rendered under the resolution and the additional services were performed under such circumstances as legally implied a request by the defendant to the plaintiff to render them.    And to sustain this recovery we must go a step further and assume that the circumstances were such as to create the additional implication that the defendant expected to pay and the plaintiff to receive therefor compensation.    This latter as a separate finding of fact or as a conclusion of law from other facts found is, in our opinion, against the weight of evidence.

We have already adverted to the fact that there was no express agreement to pay; and the weight of testimony preponderates in favor of the view that the defendant never expected to pay nor did the plaintiff originally intend to charge for the services.    In addition to his official connection with the defendant, the plaintiff was one of the largest stockholders.    The company was not in a flourishing condition and had been subjected to some criticism by the Insurance Department of this State, and at times it looked to those interested in the company as though the Insurance Department might prevent it from doing business in this State, which would have been a serious blow to the company and its stockholders.    It was important to retain the right to do business here; and, in the effort to accomplish this end, and to get more business and additional money so that the defendant might conduct its business profitably, most of the services claimed to have been rendered by the plaintiff outside of his duties as an officer were performed.    Undoubtedly his services were directly beneficial to the defendant; but indirectly they were equally beneficial to him as a large stockholder; and in benefiting the company, therefore, he was benefiting himself.

Not only was the plaintiff endeavoring to avert the threatened action of the Insurance Department, and was instrumental in raising money by the sale of stock, and was soliciting for the defendant business from other persons and companies, but other directors also were engaged in the effort to place the company upon a sound business and financial basis.    And as significant of the view that the plaintiff took on the subject of whether or not he was to receive a salary or compensation, we have the statement contained in the minutes of the stockholders' meeting of January, 1900, which it is

shown was prepared by the plaintiff and taken by him to Philadelphia and handed to the president of the company by whom it was read at the meeting. And at the annual meeting at Philadelphia in January, 1901, at which the plaintiff was present, the minutes of the stockholders' meeting of the prior year containing the statement referred to were read; and such statement, we find, concludes as follows: "A large block of the company's capital stock passed into the control of a syndicate represented by our first and second vice-presidents who in addition to securing a contribution of $700,000 to the capital of the company, have given their services to it during the past year without compensation." In the annual report, also, for the year ending December 31, 1899, which was verified by the plaintiff, it is said that there was no money due for unpaid salaries or claims against the company other than those specified; and nowhere in that report does it appear that the plaintiff made a claim for salary or compensation for the services for which he now seeks to recover.

In addition, we have the testimony of three witnesses who testified that the plaintiff stated to each of them that he was serving the company without compensation. It is true that the plaintiff denies having stated to these witnesses that he did not intend to charge the company for his services; but his unsuppported denial cannot, upon any rule that may be applied for the weighing of evidence, be regarded as sufficient to counterbalance or meet the greater number of witnesses on the other side, corroborated as these latter are by the documents to which we have referred.

We think, therefore, that the weight of evidence is against the finding of the referee, and that the circumstances under which the services were rendered show that though they may have been valuable to the defendant, they were not performed with any expectation on the part of the defendant that they were to be paid for; nor do we think that when originally undertaken by the plaintiff he expected to obtain therefor any compensation. Our conclusion is that the weight of evidence is against there being an implied promise to pay for the services.

As bearing upon this branch of the case, moreover, there were certain rulings made by the referee which are fatal to the judgment. It was of the utmost materiality to show the circumstances under

which the services were rendered and to have all the testimony which might throw light upon this disputed issue.

The plaintiff was permitted to testify as to what services he had performed outside of his duties as vice-president of the company; yet when defendant's counsel asked him on cross-examination " What were your duties as vice-president of the defendant company?" the question was excluded. So, too, with respect to what officers of the defendant company prepared the annual report for filing in the various States, the cross-examination intended to elicit this information was excluded, although the plaintiff was permitted to testify that he had nothing to do with preparing the report to the Superintendent of Insurance of the State of New York; and the direct question as to who prepared that report was also excluded. Again, although the plaintiff was permitted to testify as to what services he performed relative to the Insurance Department, the cross-examination intended to bring out the fact that this subject was one which was generally before the officers of the company and one in which they took part and rendered services, was excluded.

Not alone for errors committed in rulings, however, but upon the ground that the conclusion reached is against the weight of evidence, we think that this judgment, applying the rule laid down by the United States Supreme Court, must be reversed and a new trial ordered.

It has been our settled policy not to create a liability as against a corporation in favor of an officer who renders services upon the theory of an implied contract, our view being that the services will be presumed to be rendered gratuitously unless there is an express contract upon which the right to compensation is based.

The plaintiff does not claim under an express contract or agreement, and it follows that his complaint upon the new trial must be dismissed. We think, therefore, that the judgment appealed from should be reversed and a new trial ordered before another referee, with costs to the appellant to abide the event.

INGRAHAM, MCLAUGHLIN and HATCH, JJ., concurred; VAN BRUNT, P. J., concurred in result.

Judgment reversed, new trial ordered before another referee, costs to appellant to abide event.