(133 App. Div. 621.)

GAUL v. KIEL & ARTHE CO.

(Supreme Court, Appellate Division, First Department. July 13, 1909.)

1. APPEAL AND ERROR (§ 1002*)—REVIEW—QUESTIONS OF FACT.
   A finding of the jury on conflicting evidence will not be disturbed on appeal.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

2. CORPORATIONS (§ 308*)—OFFICERS—COMPENSATION.
   An officer of a corporation is not entitled to compensation, in the absence of an agreement securing it for his official services, though he owns nearly all of the stock.
   [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1338; Dec. Dig. § 308.*]

3. CORPORATIONS (§ 308*)—OFFICERS—COMPENSATION—EVIDENCE.
   A corporation endeavoring to reduce profits realized by showing disbursements for an officer's salary has the burden of showing an agreement securing it.
   [Ed. Note.—For other cases, see Corporations, Dec. Dig. § 308.*]

   Ingraham and Laughlin, JJ., dissenting in part.

Appeal from Trial Term, New York County.

Action by Theodore B. Gaul against the Kiel & Arthe Company. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Judgment and order reversed, and new trial ordered to abide event, unless plaintiff stipulates to deduct from the verdict the sum of $35.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Ralph S. Rounds, for appellant.
Mayer J. Weinstein, for respondent.

McLAUGHLIN, J. This action was brought to recover commissions alleged to have been earned under a contract with the defendant by which it agreed to pay plaintiff, in addition to a specified salary, 6½ per cent. of the profits "realized by the defendant in its business"

during the year 1906. Defendant denied that it agreed to pay plaintiff such commissions. At the trial it appeared from the plaintiff's testimony: That prior to January 1, 1906, he was in the employ of the defendant as a salesman at a stated salary; that about that time he proposed to terminate his relations with it, and, to induce him to stay another year, the defendant offered him, in addition to a specified salary, a commission of 6½ per cent. of the profits of the business for the year 1906. From the testimony of the defendant's witnesses Kiel and Arthe, who owned substantially all of the stock of the defendant (Kiel being the president, and Arthe the vice president and treasurer), the agreement was to pay him 5 per cent. of the profits. It was conceded, or at least the fact was not disputed, that the profits of the business for the year in question were $3,317.56. It also appeared that Kiel and Arthe each had drawn a salary of $3,500 for the year, which was charged in the expense account. No proof whatever was offered showing, or tending to show, that the defendant had ever agreed to pay either of them this salary, or any salary, and, in the absence of such proof, the trial court held that the plaintiff was entitled to a commission of either 5 or 6½ per cent. (whichever the jury found the contract to be) on the conceded profit of $3,317.56, plus the $7,000 drawn out as salaries, or, in other words, on $10,317.56, and the jury was so instructed, to which an exception was taken. The jury rendered a verdict for $705.64, and the defendant appeals.

Whether the plaintiff was entitled to 5 or 6½ per cent. was clearly a question of fact, and the finding of the jury in plaintiff's favor cannot be disturbed.

Nor do I think the court erred in instructing the jury that the plaintiff was entitled to a commission on not only the conceded profits, but also on the $7,000 drawn out by Kiel and Arthe for salaries. As stated, Kiel was president, Arthe vice president and treasurer, of the defendant, and they held a majority of its stock; but because of such facts they had no more right to take the defendant's money than a stranger had. The defendant had to agree to pay them a salary before they were entitled to use its money for that purpose, and this, like any other agreement, presupposes corporate action. It is a mistaken notion that the officer of a corporation, even though he owns nearly all of the stock, can, in the absence of an agreement, draw any sum whatever as salary. When he assumes the duties of the office and performs them without any agreement or provision for compensation, the legal presumption is that he performs such services gratuitously.

As was said in Mather v. Eureka Mower Co., 118 N. Y. 629, 23 N. E. 993:

"If the officer expects to have compensation, and the corporation intends to pay him for his official services, it may be easily provided for by resolution or agreement before he enters upon his services. This is at all events a salutary rule, as applied to an officer who is a stockholder of the corporation."

In Barril v. Calendar Water-Proofing Co., 50 Hun, 257, 2 N. Y. Supp. 758, it was said:

"The rule has become quite well settled that an officer of a corporation is not entitled to receive compensation, in the absence of an agreement securing

it, for his services performed in the legitimate discharge of the duties of his office."

And in Stout v. Security Trust & Life Ins. Co., 82 App. Div. 129, 81 N. Y. Supp. 708:

"It has been our settled policy not to create a liability as against a corporation in favor of an officer who renders services upon the theory of an implied contract; our view being that the services will be presumed to be rendered gratuitously, unless there is an express contract upon which the right to compensation is based."

See, also, Eakins v. White Bronze Co., 75 Mich. 568, 42 N. W. 982, and Alston Mfg. Co. v. Squair, 105 Ill. App. 238.

Here, as already said, no evidence was offered to show that the defendant had ever agreed to pay either Kiel or Arthe any salary whatever. It is suggested, however, that the burden was upon the plaintiff to show that no such agreement had been made. On the contrary, the burden was upon the defendant. It was endeavoring to reduce the profits realized by showing the disbursements made, and obviously only such disbursements as were legally made could be used for that purpose. I am of the opinion that the plaintiff was clearly entitled to commissions on the amounts drawn out as salaries.

The jury evidently reached the conclusion that the agreement was to pay the plaintiff 6½ per cent. commission and awarded that amount on the conceded profits, plus the $7,000 drawn out as salaries; but in computing the amount it appears they made an error of $35 in plaintiff's favor, and for that reason the judgment and order must be reversed, and a new trial ordered, unless the plaintiff stipulates to deduct from the verdict the $35, and, if such stipulation be given, then the judgment and order appealed from are affirmed, without costs to either party.

CLARKE and HOUGHTON, JJ., concur.

INGRAHAM, J.   This action was brought against a foreign corporation for the compensation agreed to be paid plaintiff for his services as an employé of the corporation for the year 1906. The complaint alleges:   That the defendant agreed to pay to the plaintiff 6½ per cent. of the profits realized by the defendant in its business during the said period; that the defendant realized large profits, and 6½ per cent. thereof amounted to upwards of $1,300; that the plaintiff has duly performed each and every term, condition, and provision of his said agreement with the defendant on his part to be performed, and has faithfully rendered all the services pertaining to his position. The answer denies the allegations of the complaint and sets up a counterclaim for $125.54.   The jury found a verdict for the plaintiff for $705.64.

The plaintiff testified to an agreement between himself, the president, secretary, and treasurer of the corporation in December, 1905, at which the treasurer of the defendant said to him that they would propose to make the plaintiff a director for the year 1906, and then said to him, "Well, John—oh, we will give you 6, yes, 6½ per cent. of the

profits," and, turning to the president, said, "Won't we, Ed?" and Ed (the president) said, "Yes," when the plaintiff said, "Since you take that attitude, I will accept the proposition." He subsequently testified: That this 6½ per cent. was to be in addition to his salary; that he continued in the employ of the company during the year and received his salary right along, but no commissions; that he subsequently demanded an account of the profits, which was not delivered. The plaintiff seems to have admitted the amount of these two counterclaims, and the defendant seems to have admitted that the plaintiff was promised 5 per cent. of the profits. The jury evidently found that the agreement was for 6½ per cent., and the remaining question was as to what were the net profits to which this percentage should apply. The court, as a matter of law, charged that the plaintiff was entitled to recover either 5 or 6½ per cent., as the jury found the contract to be, on the profits as appeared by the statement as admitted by the defendant of $3,317.56, to which the jury should add the amount of $7,000 of salary, making the sum of $10,317.56, and that the plaintiff is entitled to recover either 5 or 6½ per cent. on that.

There seems to be no substantial dispute but that there was a net profit of $3,317.50, and the plaintiff was entitled to commissions on that amount; but the court directed as matter of law that this amount should be increased to $10,317.56 by adding the sum of $7,000, which had been paid to the president and secretary as salary. The defendant requested the court to charge that, in determining the profits of the business under the contract, reasonable compensation of the president and secretary of the company, whether by way of commissions or salaries, should be deducted as a part of the cost of the business. This was declined, and the defendant excepted. I think this was error which requires a reversal of the judgment. Both the plaintiff and the other employés and the officers of the company received fixed salaries for their services. It certainly would not be contended but that the salaries paid to the plaintiff and the other employés were to be charged as expenses of the business before the profits were ascertainable, and I can see no reason why the salaries of the officers should not also be charged as an expense of the business.

There was no presumption in favor of the plaintiff that these officers in managing the affairs of the company were to work without compensation. It appeared from the evidence that these salaries were actually paid by the corporation and received by its officers as compensation for their services to the corporation. In an action where a stranger is suing a corporation, to justify a finding that salaries were paid to its officers, it is not necessary to prove a resolution of the directors fixing the salaries. It is sufficient if the salaries were actually paid by the corporation to the officers and received by them. The corporation has never made any objection to its officers receiving the salaries, or claimed that they were paid without authority. If the corporation should dispute the right of its officers to receive compensation for their services, the burden would then be upon the officers claiming the compensation to prove that the corporation had authorized salaries to be paid. The corporation here makes no objection, but insists on its right to pay its officers a reasonable salary as a part of the expenses

of the business before the profits of the corporation should be determined; and to set aside such payments there should be at least some evidence to show that these sums were not paid to the officers as bona fide salaries, but for the purpose of reducing the amount of net profits upon which the plaintiff would be entitled to estimate his commissions. It is not disputed but that the plaintiff understood that these officers were executive officers of the company and were devoting their entire time and attention to the business of the corporation. There would be no question but that if the corporation, or its stockholders, acting on its behalf, objected to the payment of these salaries, or to its officers receiving salaries, the officers, as against the corporation, would have to prove a valid resolution of the board of directors to authorize them to receive the salary; and to that effect are the cases relied upon by the respondent.

But here it is a corporation that is claiming that it has paid in good faith to its officers the salaries to which they are entitled, and there is no presumption, as against the corporation, in favor of a person contracting with it, that these salaries were not authorized by the corporation, and therefore were not legally paid to its officers. It would seem that the deposition of the defendant was taken before trial, and the plaintiff adopted the very unusual course of calling one of his attorneys to prove what the defendant's president said upon that examination as to the profits, instead of reading the examination itself in evidence. The deposition of the defendant taken before trial was made by the statute competent evidence to be read by either party on the trial; but there is nothing to show that these declarations of the defendant's president, long after the contract was made, and after the year of the plaintiff's services had expired, were competent as admissions against the corporation. However, this was not objected to by the defendant, and there was no dispute but that, crediting the salary of the president and secretary as expenses, there was a net profit of $3,317.56, and upon that amount the plaintiff was entitled to commissions. The jury apparently found in favor of the plaintiff as to the percentage to which he was entitled, and the plaintiff was therefore entitled to 6½ per cent. on $3,317.56, which amounts to $215.64.

The judgment and order should be reversed, and a new trial ordered, with costs to the appellant to abide the event, unless the plaintiff stipulates to reduce the amount of the verdict to $215.64. If the plaintiff so stipulates, the judgment as so reduced and the order appealed from should be affirmed, without costs.

LAUGHLIN, J., concurs.