David Fox, Appellant, *v.* Arctic Placer Mining and Mill-
ing Company, Respondent.

First Department, January 10, 1919.

Corporations — presumption that directors or officials serve without
compensation — necessity of express agreement or resolution to
pay — action by director and vice-president upon quantum meruit
for services rendered — evidence — failure to establish prima facie
case — hearsay — competency of letter by former officer of cor-
poration containing admission as to past transaction.

Directors or officials of corporations presumptively serve without com-
pensation, and in the absence of some express agreement to pay them
or a resolution adopted to remunerate such officials for services rendered
the corporation, no claim can be asserted therefor.

In an action by a mining engineer who was a director and the vice-president
of a corporation organized for mining in Alaska to recover on a *quantum
meruit* for services with reference to a lease of the defendant's property,
and in the preparation of maps and plans for the purpose of effecting a
sale, it appeared that there was no express contract or agreement of
employment between the defendant and the plaintiff; that plaintiff had
been previously employed and paid by the defendant under separate con-
tracts with authority of the board of directors, and that by reason of the
experience and notes collected while so employed he was able to perform
a considerable part of the services for which he claims compensation.

*Held*, that the services for which the plaintiff claims compensation were no
different from those usually performed by one occupying his official
relationship with the corporation and that he has entirely failed to make
out a *prima-facie* case.

A letter from the former president of the defendant in which he indicated
an acquiescence in plaintiff's claim, written six months after he had
ceased to be an officer of the company, was merely hearsay and incom-
petent, and was properly excluded.

Shearn and Laughlin, JJ., dissented, with opinion.

Appeal by the plaintiff, David Fox, from a judgment of the
Supreme Court in favor of the defendant, entered in the office
of the clerk of the county of New York on the 22d day of
May, 1918, upon a dismissal of the complaint by direction of
the court at the close of plaintiff's case.

*Joseph A. Warren* of counsel [*Blauvelt & Warren*, attorneys],
for the appellant.

*Noah A. Stancliffe* of counsel [*Hardy, Stancliffe & Whitaker*,
attorneys], for the respondent.

Merrell, J.:

The plaintiff, David Fox, commenced this action to recover of defendant, Arctic Placer Mining and Milling Company, a corporation organized under the laws of the State of Washington, for alleged services which he claims he rendered and performed for the defendant between the 1st day of November, 1913, and the 1st day of April, 1915.

The defendant was a corporation organized for mining in Alaska. The plaintiff was a mining engineer with some experience in the Alaskan fields. The plaintiff was a stockholder and director of the defendant corporation and its vice-president, and had been such for several years prior to the period for which he asks payment for his services. It does not appear that the defendant company was a financial success. Plaintiff had, during several years preceding the period for which he asks remuneration, performed services for the defendant for which he had received some compensation. He had made four or five trips to Alaska and had been paid therefor by the defendant company. In 1908 he was paid at the rate of $500 a month and his expenses. In 1909 plaintiff was again employed to go to Alaska, and by a resolution of defendant's board of directors he was paid the same as he had received the previous year. In 1910 plaintiff again went to Alaska, but there was no express agreement on defendant's part to pay him for his services, but he received for work performed, according to plaintiff's testimony, the sum of $5,000 and expenses. He testified that the same occurred in 1911. In 1912 plaintiff remained in the city of New York and advised and consulted with his fellow-officials of the defendant company, and received therefor a compensation of $1,500, which sum was paid by the president and another officer chiefly interested in the defendant company. In August, 1913, plaintiff once more went to Alaska and rendered services in behalf of his company, for which, according to plaintiff's testimony, defendant paid him $1,500 and expenses. Between November 1, 1913, and April 1, 1915, plaintiff claims to have advised and consulted with various officers of the defendant company and rendered some service of a claimed technical nature with reference to the proposition for a lease of the defendant's property and in the preparation of maps and plans

for the purpose of effecting a sale of the corporate property to another mining concern, and performed other services for defendant other than those usually performed by an official of a corporation. It is for such services that plaintiff is seeking to recover herein.

The evidence fails to disclose any express contract or agreement of employment between the defendant company and the plaintiff, and no resolution was adopted by the board of directors authorizing plaintiff's employment or agreeing to remunerate him for his services. Plaintiff contends that in view of his past relations with the defendant company a contract of employment may be implied, and that, having rendered the services to which he testifies, he makes claim against the defendant on a *quantum meruit* for his pay for such services rendered.

At the close of the plaintiff's case, upon defendant's motion, a nonsuit was granted and plaintiff's complaint dismissed, with costs.

I think the plaintiff failed to make out a cause of action against the defendant. The law is well settled that, in the absence of some express resolution on the part of the board of directors of a corporation, or an agreement adopted and entered into between the corporation or its directors and an officer or director claiming compensation, the latter is not entitled to compensation for services rendered. The law is well settled in this State that directors or officials of corporations presumptively serve without compensation, and in the absence of some express agreement to pay them or a resolution adopted to remunerate such officials for services rendered the corporation, no claim can be asserted therefor. (*Palmer v. Scheftel,* 183 App. Div. 77; *Gill v. N. Y. Cab Co.,* 48 Hun, 524; *Gaul v. Kiel & Arthe Co.,* 199 N. Y. 476.) Thompson on Corporations (2d ed. §§ 1717, 1718) states the rule thus: " As a general rule, directors are not entitled to compensation or salary for official services rendered unless such salary or other compensation is provided for in the charter or the by-laws; or unless there is an express resolution or agreement adopted or made by the board of directors acting as such. * * * And such provision or agreement must be proved aside from the services rendered." Such authority to serve,

and by such service to be entitled to compensation, must come from the board of directors as a board, and not from any individual member of such board. (*Young* v. *U. S. Mortgage & Trust Co.*, 214 N. Y. 279.)

The services which the plaintiff rendered during the period for which he claims remuneration were no different from those usually performed by one occupying his official relationship with the corporation. No attempt was made on plaintiff's part to show any express employment by the defendant or by its board of directors or by any one connected with the corporation. It is true that through his practical experience plaintiff was qualified to render his corporation valuable service in the management of its affairs, and it appears that during the period for which he asks remuneration he was able to and did greatly assist his fellow-directors and officials in attaining the end for which all were striving, viz., the leasing of the corporate properties. During his Alaskan sojourns, while under employment and under pay of the defendant, plaintiff acquired a fund of information rendering his counsel and advice to his fellow-directors of great service. By reason of such practical experience and notes collected in the field of his operations while under pay of the defendant, he was able to plot up said field notes and prepare several maps and plans which constitute a considerable part of the claimed service on his part, and he was able greatly to facilitate the final advantageous disposition of the corporate properties. By all reasonable intendment of the parties, he has already been paid for the service for which he now asks remuneration. Having employed plaintiff to acquire this technical knowledge and paid him for his service, the corporation should receive the full fruits of such employment. Plaintiff, in his official capacity of vice-president and director of the defendant corporation, had some duty to perform. The greater part of his duties were of an advisory nature and such as a director and vice-president might naturally be expected to perform for the company of which he was a stockholder and official. Plaintiff disclaims having served as an engineer during the period in question. I do not think the conditions surrounding his previous connection with the company which had called him to Alaska and which required performance of the technical duties of an

engineer and an expert in mining are of any assistance to him in this action. Those services were rendered under separate and distinct employments made each year. Plaintiff's employment in 1908 was under a specific agreement and resolution adopted by the board of directors restricting such employment to the mining season of that year, which was a matter of only about four months. He was similarly employed in 1909. Also, in 1910 and 1911 he made trips to Alaska, as he did again in the year 1913. He only received compensation when away from home. In 1912 he rendered services in and around New York, and was paid therefor, not by the company, but by Messrs. Cutler and Fallows, the president and treasurer, respectively, of the defendant company, and who were its principal organizers and chief stockholders. Prior to making his 1913 trip to Alaska, plaintiff refused to make the trip until he received the personal assurance from Messrs. Cutler and Fallows that he would be compensated for his services and expenses. From May until August, 1913, plaintiff had performed services of a like nature as those for which he seeks to recover herein without compensation or apparent expectation thereof. Another engineer by the name of Nieman was engaged in 1913 to perform in Alaska the same services as had been rendered by plaintiff as manager and general representative of the defendant at the scene of its operations. It is a highly significant fact that plaintiff only went to Alaska in August, 1913, upon the personal assurance of Messrs. Cutler and Fallows that his services and expenses would be paid. At that time plaintiff was not relying upon any obligation of the defendant company as such. The evidence discloses that plaintiff was the close personal friend of Cutler and Fallows, who had assisted him in his earlier struggles. Cutler and Fallows had organized the defendant company, and it is quite evident that plaintiff was more than willing to aid them in an enterprise, in which they had advanced some $30,000 or $40,000. Fallows had importuned Fox to use every effort to make their Alaskan enterprise a success and to aid them in disposing of their properties, and it is apparent that plaintiff responded to such request, and that the matter of compensation for which he brings this action was an afterthought, for he presented no bill for services until October 14, 1915. I think

the plaintiff entirely failed to make out a *prima facie* case entitling him to pay for the services which he rendered.

The appellant also complains that the trial court excluded a letter from Fallows dated October 16, 1915, to one Jacquette, then president of the defendant, in which the writer indicated an acquiescence in plaintiff's claim. At the time the letter was written Fallows was not an officer of the defendant, and had not been for six months prior to writing the same. He was in no position to bind the defendant by any admission or declaration and, as it concerned a past transaction, the letter was merely hearsay. I think it was clearly incompetent for any purpose, and was properly excluded.

The nonsuit was properly granted, and the judgment appealed from should be affirmed, with costs.

CLARKE, P. J., and SMITH, J., concurred; LAUGHLIN and SHEARN, JJ., dissented.

SHEARN, J. (dissenting):

The plaintiff seeks to recover the reasonable value of personal services rendered by him to the defendant corporation at its special request, but without an express agreement that he should be paid for the services. The complaint has been dismissed because it appeared that, during the period covering the rendition of the services, the plaintiff held the office of vice-president and was a member of the board of directors of the defendant. Plaintiff contends that there was an issue for the jury because (1) his services were outside of the duties of his office, and (2) the circumstances were such as to warrant a finding of an intention to charge and to pay for the services. The facts are clearly stated in the opinion of Mr. Justice MERRELL.

No one questions the rule that directors and officers of corporations serve presumptively without compensation, and that they are entitled to no compensation for performing the usual and ordinary duties pertaining to the office, in the absence of some express provision therefor by statute, charter or by-laws or by agreement. But we are dealing with services which were, in my opinion, clearly outside the official duties of the plaintiff, and in such case the rule requires some

qualification. Generally stated, no one can recover from another for services rendered unless there is a contract. Where there is no express contract and one person performs services for another at the latter's request, the law creates a presumption and implies an agreement that such services are to be paid for. In certain cases, however, where from the nature of the relationship of the parties it would be natural for the services to be performed without any expectation of reward or compensation, the law raises no such presumption, and in this latter class of cases falls the case of an officer or director of a corporation performing services therefor. But, concededly, the corporation must pay if it has agreed to. The rule, therefore, is directed to the method and necessity of proving the understanding and agreement between the parties. The presumption of an agreement to pay, instead of being, as usual, in favor of the party seeking payment for services rendered at the request of another, is in the case of an officer of a corporation, for reasons of public policy, against such party. But, presumptions aside, the agreement to pay may be established in the same manner as any other fact. In other words, it may be deduced or inferred from satisfactory evidence. In the case of services outside the usual duties of an officer, the agreement on the part of the corporation to pay may be established, as in any other case, by proof of circumstances which tend to show that the services were rendered with the understanding and expectation on both sides that they would be paid for. Without extending this opinion by quotation, it will be found, I believe, that what has just been said is well supported by the cases of *Bagley* v. *Carthage, W. & S. H. R. R. Co.* (165 N. Y. 179); *Gaul* v. *Kiel & Arthe Co.* (199 id. 472); *Barril* v. *Calendar Waterproofing Co.* (50 Hun, 257); *Bogart* v. *N. Y. & L. I. R. R. Co.* (118 App. Div. 50; affd., 191 N. Y. 550); *Corinne Mill, Canal & Stock Co.* v. *Toponce* (152 U. S. 405), and *Young* v. *U. S. Mortgage & Trust Co.* (214 N. Y. 279). In my opinion, instead of dismissing the complaint, the learned trial justice should have done as was approved by the Court of Appeals in the *Bagley Case* (*supra*), where the trial judge submitted to the jury the questions (1) whether the plaintiff rendered any service outside of his duties as director and president of the corporation, and

(2) whether there was an agreement on the part of the directors to employ him to perform such services.

I cannot agree with my brother MERRELL that the services which the plaintiff rendered during the period for which he claims remuneration " were no different from those usually performed by one occupying his official relationship with the corporation." It is well understood that the ordinary duties of a vice-president consist solely in acting in the absence of the president. There is nothing in the case showing that any of the services performed by the plaintiff were performed as vice-president. As for plaintiff being a director, it must be borne in mind that a director does not act as an individual, but only as a member of the board. (*Corinne Mill, Canal & Stock Co.* v. *Toponce, supra.*) There is nothing in the case to show that any of the work performed by the plaintiff was performed as a member of the board of directors. On the contrary, some of the services performed were, to my mind, clearly outside the usual duties of a board of directors. For example, at the request of the president of the defendant, plaintiff drew up various maps, plans and photographs of the ditch system of the company and prepared a long and technical letter, describing the nature of the company's property and the manner in which it could be worked to the best advantage in order to further a contemplated sale or lease of the property. Such work is not that usually pertaining to the office of a member of a board of directors. It is said that the plaintiff acquired the knowledge and information that enabled him to make these maps, etc., while in the actual pay of the defendant and that the latter was entitled to the benefits of his knowledge and information. Undoubtedly, but it does not follow that the defendant was entitled to detain the plaintiff in New York city or in any other place for an extended period of time and require him to get out maps, plans, etc., at his own expense. Neither was it any part of the usual duties of a member of the board of directors of a mining corporation for the plaintiff to draft a lease of the defendant's property, requiring time, technical and special knowledge to enable the plaintiff to do the work. Many other important services might readily be specified which the jury would have been warranted in finding were outside of the scope of plaintiff's

duties as a director. Then too it was a significant fact for the jury that plaintiff had previously been paid by the defendant for doing similar work. It is stated that this work was paid for by Messrs. Cutler and Fallows, who controlled the corporation, but the fact is as I see it that they advanced to the corporation the money with which to pay the plaintiff. Mr. Justice MERRELL states: " It is a highly significant fact that plaintiff only went to Alaska in August, 1913, upon the personal assurance of Messrs. Cutler and Fallows that his services and expenses would be paid." The significance that I would draw from that is that the plaintiff, who had only a $50 interest in this $500,000 corporation, which was merely the convenient method under which Messrs. Cutler and Fallows were carrying on their mining operations, knew that the concern had no financial responsibility and wished to be assured that the gentlemen for whom he was really working, although ostensibly employed by their corporation, would see that his services were paid for. However, I take it that such inferences were for the jury and that the importance that is attached to this fact is only another indication of why the case should have been submitted to the jury.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

LAUGHLIN, J., concurred.

Judgment affirmed, with costs.